## The STATE *versus* K.

A witness cannot be compelled to answer a question, if his answer will expose him to a criminal prosecution. And he is not bound to testify to any particular fact, if a full account of his knowledge of such fact would so expose him. But if he voluntarily state a fact, he is bound to state how he knows it, although in so doing he may expose himself to a criminal charge.

K. WAS indicted for unlawfully breaking and entering a public burying place, and digging up and carrying away the body of a person, who had been there interred.

Upon the trial of the indictment here at May term, 1829, the respondent called a witness, who stated that he knew the respondent to be innocent, but that he could not state how he knew that without implicating himself, and he enquired of the court whether he was bound to testify, at all, and if bound to testify, how far he was compellable to go ?

*Woodbury* and *Bell*, on behalf of the respondent, contended, that they were entitled to the testimony of the witness so far as he could testify without implicating himself. The bill of rights declares, in relation to prosecutions for crimes, " that every subject shall have a right to produce all proofs that may be favorable to himself."

It is the right of the respondent to have the testimony, so far as the witness can go without furnishing evidence against himself.

It is the privilege of the witness, not to be compelled to answer further. 1 Macnally, 256 ; Hawkins, P. C.,

B. 2, chap. 6, S 20 ; 3 Taunt. 424, *Cates* v. *Hardacre* ; 1 Starkie's Ev. 136 ; 13 Johns. 82, *The People* v. *Herrick* ; Philips' Ev. 206 ; Peake's Ev. 129–130.

*Sullivan*, attorney general, contended, that if the witness chose to state that he knew the respondent to be innocent, he could not be excused from stating how he knew the fact, although it might implicate himself. A witness cannot be compelled to answer a question, if the answer will have a tendency against himself. But if, in answer to a question, he state a particular fact, he may be compelled to give a full account of such fact, although in so doing he may furnish evidence against himself. The principle for which the respondent's counsel contend, would give to accomplices an opportunity to clear one another, however guilty, while the government would have no means to detect the imposition. There is no dictum cited, there is no dictum to be found in the books in support of the principle. The cases and authorities to which the respondent's counsel refer are not in point.

The witness cannot be compelled to testify that he knows the respondent to be innocent, if a full account of his knowledge on that subject will criminate himself ; but if he chooses to state that he knows the innocence of the respondent, he must be compelled to answer how he knows, and to give a full account of his knowledge, and all the circumstances. 2 C. & P. 570, *East* v. *Chapman* ; 16 Vesey, 239, *Paxton* v. *Douglas* ; 1 C. & P. 278, *Dixon* v. *Vale* ; 3 Starkie's Ev. 1741 ; 5 Mass. Rep. 320, *Brown* v. *Brown* ; 3 C. &. P. 11, *Dandridge* v. *Corden*.

*By the court.* The witness is not to be compelled to answer any question, if the answer will tend to expose him to a criminal charge. But if he state a particular fact in favor of the respondent, he will be bound, on his cross examination, to state all the circumstances relating to that fact, although in so doing he may expose himself to a criminal charge. We shall not compel the witness

State
*v.*
K.

to state that he knows the respondent to be innocent, if a full account of his knowledge on that subject will tend to furnish evidence against himself. But if he chooses to testify that fact, we shall permit the attorney general to enquire how the witness knows that fact, and compel him to answer the question. It is clearly inadmissible, to permit a witness to give a partial account of his knowledge of a transaction, suppressing all the circumstances, whether the evidence is to be used in favour of, or against, the state.

*The witness was not examined.*