**John Albert DRAPER, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 57915.**

Court of Criminal Appeals of Texas, Panel No. 1.

Jan. 9, 1980.

Donald W. Rogers, Jr., Houston, for appellant.

Carol S. Vance, Dist. Atty., Alvin M. Titus and Andy Tobias, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty., Austin, for the State.

Before ONION, P. J., and ROBERTS and CLINTON, JJ.

## OPINION

ROBERTS, Judge.

This is an appeal from a conviction for possession of heroin. Punishment, enhanced by proof of two prior felony convictions, as alleged, was assessed at life. We reverse.

Although the sufficiency of the evidence is not challenged, a brief recitation of the facts is necessary to place in perspective the grounds of error which appellant urges.

At 7:30 on the evening of December 19, 1975, Houston police officers executed a narcotics search warrant at the home of Jerry Birdwell. Approximately a quarter ounce of heroin was found and Birdwell and

his wife were placed under arrest. The heroin was discovered under a divan within five minutes of the arrival of police officers at the Birdwell house and no other contraband was found during the period in which officers remained there.

At about 9 p. m., the arresting officers left the Birdwell residence with the stated intention of transporting their prisoners to jail. Mrs. Birdwell was taken directly to jail in the back of a police cruiser. Jerry Birdwell, however, was permitted to drive his own Corvette, with Officer C. S. Thompson·as passenger. (At trial, Officer Thompson explained that this was done out of solicitude for Birdwell, who feared his car would be stolen if it were left at his house.)

Soon after they had begun their journey downtown, Thompson received a call urging him to telephone an informer. (How Thompson was able to receive this call is unclear.) Thompson later testified that he then travelled across town, still riding in Birdwell's car, to the Northline Shopping Center parking lot to meet his informer. He was followed by Officer Morgan who was driving a so-called "cool," unmarked police vehicle. On reaching the Northline Shopping Center, Thompson walked for a distance to meet his informer, leaving Birdwell in Officer Morgan's custody. Sergeant S. M. Horn, called by the State, testified that he was present when the search warrant was executed at the house of Jerry Birdwell. He testified that subsequent to the arrest of Birdwell and his wife, he received a call telling him to meet Officers Thompson and Morgan at the Northline Shopping Center parking lot. Contrary to testimony given by Officers Thompson and Morgan, Sergeant Horn testified that he arrived at the shopping center before these officers, because they had had to stop to telephone the informer.

Officer Thompson related to Sergeant Horn that his informer had stated that the appellant, John Albert Draper, would be arriving at a convenience store located at Crosstimbers and Bauman; that he would be driving a beige or tan Pontiac and that he would be in possession of heroin. The sergeant stated that he told Officers Morgan and Thompson to set up surveillance on appellant. He testified that when he arrived at the location designated, Officer Thompson had already made the arrest on appellant, and was in the process of searching appellant's car. He stated that one of the officers said, "We found two ounces of heroin·in his pocket." The sergeant testified that he heard a radio inside appellant's car and that upon reaching under the seat he discovered a police scanner which had the capacity to monitor police narcotic division broadcasts.

It was appellant's contention at trial, as it is on appeal, that there was, in fact, no informer but that he was entrapped by Birdwell. In support of his contention appellant introduced testimony of his live-in girlfriend Eva Barlow, who was arrested with him that Birdwell had called his house on two occasions on the evening of December 19, 1975 at a time when police testified they were conducting a search of Birdwell's premises. Appellant claimed that Birdwell called him to request that he, appellant, secure some heroin for Birdwell. Appellant was not permitted, either at a hearing on pretrial motions or at trial, to make any inquiries as to whether a deal was made with Birdwell to set up appellant, nor was appellant permitted to make a bill of exceptions in this regard.[1]

At trial, Birdwell's attorney, Mr. Farmer, was permitted to sit at the counsel table and interpose objections to appellant's ques-

---

1. We note that appellant has filed a motion denominated Motion to Abate Appeal for Consideration of Newly Discovered Evidence with an attached exhibit entitled Statement of Jerry Frank Birdwell. In the statement, in response to questions by Birdwell's counsel, and in the presence of a notary public, Birdwell swore that he had perjured himself at a hearing on appellant's pretrial motion to suppress evidence. He stated that officers executed a search warrant on his house, had threatened and beaten him, and had choked his wife until she passed out in order to induce him to set up Draper.

tions directed to establishing his contention that he was set up or entrapped. Mr. Farmer stated to the court that it was his purpose to preserve the witness' Fifth Amendment privilege against self-incrimination.[2]

Because we must reverse, we pretermit discussion of all but one of appellant's points of error. In his third ground of error appellant complains that he was "denied his right to compulsory process to secure the attendance of witnesses in violation of the Sixth and Fourteenth Amendments to the United States Constitution and Article 1, Section 10, of the Texas Constitution as a result of the court's action in allowing the witness, Jerry Birdwell, to claim his privilege pursuant to the Fifth Amendment against self-incrimination during the hearing on the motion to suppress evidence filed by the appellant at a point when he had waived the right to claim such privilege." The arresting officers denied that there was any connection between the arrest of Birdwell and the subsequent arrest of appellant the same evening. They claimed that appellant's arrest was effected through the aid of an informer who contacted them as Birdwell was being transported in his own car to police headquarters.[3]

At the hearing on appellant's pretrial motion to suppress evidence, Birdwell stated that he had, in fact, called the appellant on the evening of December 19, 1975 and that it had been arranged that they meet at the time and place of appellant's arrest. When appellant's counsel attempted to ascertain the purpose of this meeting, Birdwell's counsel interposed an objection on Fifth Amendment grounds, which was sustained.

Once having related part of the facts of the transaction, a witness should

not be permitted to assert a Fifth Amendment privilege to prevent disclosure of additional relevant facts. As stated in *Ex parte Park*, 37 Tex.Cr.R. 590, 40 S.W. 300 (1897), "If he voluntarily states a part of the testimony, he waives his right, and cannot afterwards stand on his privilege. If it were otherwise, he might give in testimony hurtful to a defendant, but refuse to be cross-examined as to matters which might be to defendant's benefit." See *Rogers v. United States*, 340 U.S. 367, 71 S.Ct. 438, 95 L.Ed. 344 (1951); 2 C. McCormick & R. Ray, Texas Evidence, Section 442 (2nd ed. 1956); 8 Wigmore, Section 2276, McNaughton Edition 1961.

For the error noted, the judgment is reversed and the cause is remanded for a new trial.

---

2. The proper practice would have been to permit the witness' counsel to advise him whether or not to answer appellant's questions. The witness' counsel had no standing to make the objections we find in this record. See 8 Wigmore, Evidence, Section 2268 (McNaughton Rev. 1961).

3. We note that appellant had been arrested four times in the previous six weeks. Many of

the same officers participated in those arrests. On each of these occasions officers testified that they had been told by reliable, credible informants that appellant would be in possession of heroin. This information proved false on every such occasion. Appellant was not charged with the commission of any crime subsequent to these arrests.