Louis Edward BLACKMON, Appellant,

v.

The STATE of Texas, Appellee.

No. 05–81–00367–CR.

Court of Appeals of Texas,
Dallas.

Feb. 4, 1982.

Lawrence Mitchell, Dallas, for appellant.

Henry Wade, Dist. Atty., Karen C. Beverly, Asst. Dist. Atty., Dallas, for appellee.

Before ROBERTSON, STEPHENS and VANCE, JJ.

VANCE, Justice.

Appeal is from a conviction for aggravated rape with punishment assessed at life. Appellant presents four grounds of error: (1) on motion to quash, the indictment failed to give proper notice due to the vagueness of "consent," (2) on motion to quash, the indictment failed to give proper notice of "serious bodily injury," (3) the court's limiting appellant's cross-examination of state witness violated appellant's Sixth Amendment rights, and (4) the improper admission of an extraneous offense. Finding no error below, we affirm.

The indictment under which appellant was convicted alleges in pertinent part that on January 2, 1979, he:

[D]id unlawfully, intentionally and knowingly have sexual intercourse with S\_\_\_\_ W_____, hereinafter called Complainant, a female not his wife, without the consent of the Complainant, and the De-

fendant did intentionally and knowingly compel the Complainant to submit to the said act of sexual intercourse by threatening serious bodily injury to be imminently inflicted on the complainant.

The complainant—prosecutrix was returning home at approximately midnight to her Dallas apartment. Two men approached her and abducted her at knife point. She was taken to a nearby car containing two other men. She identified the four in the car as being Davis, Gibson, Oliver and the appellant Blackmon. She was eventually raped by all four men and then released back at her apartment.

■ In his first ground of error, appellant contends the trial court erred in failing to grant his motion to quash the indictment for it failed to give proper notice due to the vagueness of "consent." The appellant's contention was directly overruled by *Johnson v. State*, 623 S.W.2d 654, 656 (Tex.Cr. App.1981) which held that allegations of aggravation were sufficient to place appellant on notice of the kind of lack of consent upon which the state would base its case. On this authority we overrule appellant's first ground of error.

■ The appellant's second ground of error requires a review of the Court of Criminal Appeals decision in *Thomas v. State*, 621 S.W.2d 158 (Tex.Cr.App.1981) (on State's Motion for Rehearing). Appellant complains of the denial of his motion to quash the indictment for failure of notice on the element of "serious bodily injury." Appellant cites *Cruise v. State*, 587 S.W.2d 403 (Tex.Cr.App.1979), as authority for his right to have specified which of the statutory alternative theories would be relied on by the State. Appellant's reliance is mistaken, for his motion is not a *Cruise* motion. As distinguished by *Thomas*, supra at 162:

> In *Cruise*, . . . the motion was not directed at which type of bodily injury as defined under TEX.PENAL CODE ANN. sec. 1.07(A)(7) (Vernon 1974); rather it was directed at what acts (i.e., striking, kicking, shooting, or stabbing) caused the bodily injury.

*Cruise* was later distinguished because the motion went to the "manner in which it was done." *Ferguson v. State*, 622 S.W.2d 846, 850 (Tex.Cr.App.1981) (on State's Motion for Rehearing). Unlike *Cruise*, appellant's motion *is* directed at which type of "serious bodily injury" as defined under Tex.Penal Code Ann. sec. 1.07(34). Appellant's motion was not directed at the alleged acts of appellant.

Further, the term claimed to be insufficient, "serious bodily injury," did not define any alleged conduct. The court in *Thomas* in determining that the motion to quash before it was not applicable, stated, *"more importantly, the term . . . does not go to an act or omission of the defendant." Thomas*, supra, at 164. Neither the motion by appellant nor the term complained of, "serious bodily injury" goes to any "act" of the appellant. Appellant's second ground of error is overruled.

In his third ground of error, appellant contends that the trial court improperly limited his cross-examination of a state's witness in violation of appellant's Sixth Amendment right of confrontation and cross-examination. The witness, Gibson, testified during direct examination that appellant committed the rape as charged. Gibson was identified by two other witnesses, both prosecutrixes in other rapes, in which Gibson and appellant had participated. Appellant proposed to ask Gibson if he had in fact raped these two other women. On motion by the State a hearing was had to investigate the possible application of the Fifth Amendment privilege by the witness. At this hearing contained in the record before us the witness did invoke his Fifth Amendment privilege and was permitted not to answer questions involving the other rapes. The trial court at the close of the hearing instructed the appellant not to inquire into any areas in which it had been shown that the witness Gibson would invoke the Fifth Amendment privilege. Appellant complains of this limitation on appeal.

■ The witness Gibson in taking the stand and testifying does not waive his

right against self-incrimination in respect to other extraneous criminal activity. *In re Corrugated Container Anti-Trust Litigation,* 620 F.2d 1086 (5th Cir.1980); *United States v. D. Giovani,* 544 F.2d 642, 645 (2nd Cir.1976); *United States v. Aiken,* 373 F.2d 294 (2nd Cir.1967), *cert. denied,* 389 U.S. 833, 88 S.Ct. 32, 19 L.Ed.2d 93 (1967); *cf. Draper v. State,* 596 S.W.2d 855, 857 (Tex. Cr.App.1980) (waiver when witness opens the door). This is not a case, as appellant suggests, when a defendant voluntarily takes the stand, thereby waiving his right against self-incrimination. *Brumfield v. State,* 445 S.W.2d 732 (Tex.Cr.App.1969) (on State's Motion for Rehearing). Gibson did not invoke the Fifth Amendment with respect to the rape which he testified about and for which appellant was being tried. Gibson had previously plead guilty and had been convicted of that rape. The trial court did properly exercise its discretion in allowing a thorough development of possible influence the State may have had over the witness Gibson by these other rapes. *Carrillo v. State,* 591 S.W.2d 876, 886 (Tex.Cr. App.1979); *Randle v. State,* 565 S.W.2d 927, 930 (Tex.Cr.App.1978); *Castro v. State,* 562 S.W.2d 252, 256 (Tex.Cr.App.1978); *See Davis v. Alaska,* 415 U.S. 308, 94 S.Ct. 1105, 39 L.Ed.2d 347 (1974). We hold on these facts that the Sixth Amendment right of the appellant was properly limited to insure the Fifth Amendment privilege that citizens should not be compelled to give incriminatory testimony. *United States v. Perez,* 651 F.2d 268 (5th Cir.1981).

In his fourth ground of error, appellant complains of the introduction of two extraneous offenses of rape. Generally evidence of extraneous offenses are inadmissible because of their inherently prejudicial effect. The appellant's cross-examination of the prosecutrix, as conceded by the appellant, raises the issue of identity. *See Walker v. State,* 588 S.W.2d 920, 922 (Tex. Cr.App.1979). Where identity is contested, and distinguishing characteristics relate the other offense to the one on trial, then the evidence is admissible. *Chambers v. State,* 601 S.W.2d 360, 362 (Tex.Cr.App.1980); *Todd v. State,* 598 S.W.2d 286, 289 (Tex.Cr.

App.1979). We hold there are sufficient distinguishing characteristics in common to permit the admission of the extraneous rapes on the issue of identity. The rapes were performed by the same four participants, a knife was used to compel submission, the victims were abducted, and the rapes occurred close to midnight within a week of one another. Appellant's fourth ground of error is overruled.

Affirmed.