**Charles Mitchell RICHARDSON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**Nos. 693–88, 694–88.**

Court of Criminal Appeals of Texas, En Banc.

Jan. 31, 1990.

Rehearing Denied March 28, 1990.

Allen C. Isbell, on appeal only, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty. & Carol M. Cameron, Asst. Dist. Atty., Houston, Robert Huttash, State's Atty., Austin, for the State.

OPINION ON STATE'S PETITION FOR DISCRETIONARY REVIEW

BERCHELMANN, Judge.

Appellant, Charles Mitchell Richardson, was indicted for the aggravated felony offense of possession of marihuana weighing greater than 50 pounds and less than 200 pounds, enhanced with two prior felony convictions. By separate indictment, appellant was charged with possession of more than 28 grams and less than 400 grams of cocaine. The indictments were consolidated at trial. After trial by jury, appellant was found guilty of the possession of cocaine and marihuana charges. The trial court found "true" both enhancement allegations and subsequently assessed punish-

ment at life confinement in the Texas Department of Corrections.

The Court of Appeals for the First Supreme Judicial District reversed appellant's conviction, holding that the trial court erred in failing to submit to the jury a requested limiting instruction regarding impeachment evidence. *Richardson v. State,* 751 S.W.2d 663 (Tex.App.—Houston [1st Dist.] 1988). We granted the State's petition for discretionary review to determine whether the Court of Appeals erred in reaching that conclusion. We will reverse.

The record reflects that an informant contacted the Pasadena Police Department regarding drug activity at appellant's residence. After surveillance, the police department, armed with a search warrant, forced their way through the barricaded back door to the house. Appellant and a co-defendant tried to flee, but were caught. Appellant's framed birth certificate decorated the wall of a bedroom in which the police found 186 grams of cocaine and 56 pounds of marihuana. The police recovered additional cocaine and approximately 97 pounds of marihuana from other parts of the residence. A baggie containing an additional 1.15 grams of cocaine was found in appellant's pants pockets.

Co-defendant Capps pleaded guilty but testified for appellant at trial. Capps stated that after his testimony in a pretrial hearing on appellant's case, Capps was arrested for perjury. Nonetheless, Capps stated he was willing to again testify for appellant. Capps did so, alleging that, to Capps' knowledge, appellant did not possess any cocaine or marihuana. However, Capps' plea papers contained a prior inconsistent statement that "I committed the offense along with Harold Kelly and [appellant]." On cross-examination, the prosecutor attempted to impeach Capps with that prior inconsistent statement. The following exchange took place:

Q. Mr. Capps, the next to the last question [Defense counsel] just asked you was whether you testified last time in a substantially similar way to the way you testified this time. Do you remember that question?

A. Yes, ma'am.

Q. Your answer was "yes," wasn't it?

A. Yes, ma'am.

Q. In fact, there is major [sic] difference in the way you testified so far and the way you testified last time?

A. There is some left out.

Q. You left out something that you said last time, didn't you?

A. I wasn't asked.

Q. And that something that you said last time that you didn't say this time is what got you charged with perjury?

A. I really don't know.

Q. You're telling the jury you don't know why you were charged with perjury?

A. I am telling you my ignorance of the law has nothing to do with it.

Q. You remember pleading guilty to your two cases, don't you?

A. Yes, ma'am.

Q. In fact, you pled guilty in front of this Judge right here, correct?

A. Yes, ma'am.

Q. And at the time that you pled guilty, portions of the paper work that you pled guilty to and signed said, "I committed this offense along with Harold Kelly and [appellant]," did they not?

A. Repeat that?

Q. At the time you entered your pleas of guilty, the papers that you signed and executed said, among other things, "I committed this offense along with Harold Kelly and [appellant]," did they not?

A. I couldn't testify they was [sic] there, no, ma'am.

Q. In fact, last time you claimed that writing was not there, didn't you?

A. I didn't see it.

Q. What you said last time was that it was not there, didn't you.

A. That's right.

Q. And it was that statement that got you indicted for aggravated perjury, wasn't it?

A. If you say so, yes, ma'am.

When the testimony was elicited, appellant neither objected nor requested that Capps' prior inconsistent statements be lim-

ited to impeachment purposes.[1] However, before submission of the charge at the guilt/innocence phase, appellant requested the following charge:

> You are instructed that a witness may be impeached by showing that he or she has made other and different statements out of court from those made before you on the trial. Such impeachment evidence may be considered by you to aid you in determining (if it does so) the weight, if any, to be given the testimony of the witness at trial and his or her credibility; but such impeaching evidence, if any, is not to be considered as tending to establish the alleged guilt of the defendant in such case.

The trial court denied the requested instruction. The Court of Appeals found this omission to be error, concluding that "[t]he State was entitled to impeach the witness' credibility by showing that he had previously claimed that he committed the offense along with appellant, that prior statement should not have been considered as primary evidence in the trial on appellant's guilt. The jury should have been instructed accordingly." *Richardson*, 751 S.W.2d at 666.

We granted the State's petition for discretionary review to determine if the Court of Appeals erred in the following three respects: 1) in finding that the trial court erred in refusing to include a requested limiting instruction to its charge to the jury at the guilt innocence phase, 2) in finding that the State impeached Ricky Joe Capps, appellant's co-defendant, who testified for appellant, and 3) in finding that the evidence of Capps' prior statements was admitted to impeach his credibility and not as primary evidence to prove appellant's guilt. For purposes of simplicity and clarity, we will consolidate the three issues in our review.

The State argues that Capps was not technically impeached, and even if so, an instruction was not required limiting the use of the evidence about Capps' confession because that evidence was also direct evidence of appellant's guilt for appellant introduced Capps' plea papers into evidence without limitation. Those papers contained the statement implicating appellant. Therefore, surmises the State, Capps' statement inculpating himself and appellant was admissible not only as impeachment evidence, but also as direct evidence. Furthermore, the State argues that an instruction was not required because appellant's introduction without limitation obviated the requirement of a limiting instruction pursuant to Rule 105(a) Tex.Rules Crim.Evid.[2]

Despite the fact that appellant first examined Capps regarding the perjury charge, appellant submits that the defense should not be penalized for introducing the plea papers because the State "left the jury with the impression" that Capps previously committed perjury. Further, appellant submits that Tex.Code Crim.Proc.Ann. art. 36.14 is the operative statute, not Rule 105(a). Article 36.14 provides the mechanism whereby trial courts include special instructions in the charge upon timely request.

■ We need not, however, address the interplay between Rule 105(a) Tex.Rule Crim.Evid. and Tex.Code Crim.Proc.Ann. art. 36.14, nor need we reach the majority of the arguments posited by both parties. When appellant introduced Capps' plea papers without limitation, the statement "I committed the offense along with ... [appellant]" became evidence admissible for all purposes. Where evidence is admissible for both impeachment purposes and as direct evidence, no limiting charge is necessary. *Cantrell v. State*, 731 S.W.2d 84 (Tex.Cr.App.1987); *McCarter v. State*, 478 S.W.2d 524 (Tex.Cr.App.1972). According-

---

1. Tex.R.Crim.Evid. 105(a) requires that when evidence which is admissible for one purpose but not admissible for another purpose is admitted, the court, upon request, shall restrict the evidence to its proper scope and instruct the jury accordingly; but, in absence of such request the court's action in admitting such evidence without limitation shall not be a ground for complaint on appeal.

2. See supra note 1.

ly, the trial court did not err in refusing the limiting instruction.

The decision of the Court of Appeals is reversed, and the causes are remanded to that Court for disposition of appellant's remaining point of error not addressed on direct appeal.

CLINTON and DUNCAN, JJ., concur in the result.

TEAGUE, J., not participating.