Andrew IKEDA, Appellant,

v.

The STATE of Texas, Appellee.

No. A14–91–01318–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

Jan. 14, 1993.

Discretionary Review Refused
April 7, 1993.

Ron Hayes, Houston, for appellant.

Mary Lou Keel, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and SEARS and ELLIS, JJ.

## OPINION

SEARS, Justice.

This is an appeal from a conviction for the offense of aggravated robbery. Appellant was found guilty by a jury and his punishment was assessed at ninety-nine

years confinement and a $10,000 fine. We reverse.

On June 27, 1991, Miller Deaton was robbed in his motel room by two men. Toy Salinas, one of the robbers, hit Deaton in the head with a tire iron. The robbers made off with Deaton's ring, watch, car keys, jeans, and approximately $12 in cash. Officer O'Bannion was told by Deaton that three men were involved in the robbery. Deaton gave him a rough description of all three men. O'Bannion stopped a car with two females, and Toy Salinas and the appellant. Both men matched the descriptions given by Deaton. Inside the car, the Officer found the tire tool and Deaton's car keys. He took the men and the items back to the motel. Deaton identified the car keys and the tire tool, but the record is silent as to whether he specifically identified the appellant. At trial, however, Deaton positively identified the appellant as one of the robbers. Deaton's jeans, money, ring and watch were never recovered.

Toy Salinas pled guilty to the crime. During Appellant's trial, Salinas testified he committed the robbery with another man, not the appellant. Salinas claimed that the appellant was hanging around the motel the night of the robbery. After the robbery, the appellant stuck his head in Deaton's motel room to find out what was going on. Salinas left with the appellant to look for the third man who actually committed the robbery with Salinas, and who had left with the ring, the watch, the jeans and the cash.

Salinas was thoroughly cross-examined by the State concerning his prior plea. He admitted that when he previously pled guilty to the robbery, he had entered into a stipulation that he had committed the crime "along with Andrew Ikeda," the appellant. On re-direct examination, defense counsel attempted to establish that Salinas had pled to the stipulation only because the State required it, and not because it was true. In fact, he expected to show that the "along with" portion of the stipulation was not true. The prosecutor objected on the grounds that information regarding negotiations which resulted in a plea was inadmissible. The Court refused to allow defense counsel to question the witness about the "along with" stipulation. In his first two points of error, appellant contends that the trial court erred in granting the State's objection.

It is a well established, Texas rule, that questions may be asked on redirect examination to explain answers on cross-examination from which wrong inferences might be drawn by the jury. *Rogers v. State,* 815 S.W.2d 811, 816 (Tex.App.—Amarillo 1991, no pet.). In this case, the State thoroughly cross-examined Salinas on his plea bargain agreement in order to impeach his prior testimony that the appellant was not involved in the robbery. Appellant should have been allowed to ask questions on redirect to explain the answers elicited by the State during cross examination. Once the State had asked questions about Salinas' plea, it could not then "close the door" to a redirect examination on that issue.

The State maintains that because Salinas subsequently pled the "Fifth," any further questioning would have failed to produced material evidence concerning Salinas' credibility or motivation for signing the stipulation. When the State objected to further questions regarding that plea, the Court excused the jury. Conflicting arguments were then heard, concerning whether or not the "along with" stipulation was made a part of the plea by the State. Three attorneys, a prosecutor for the State, a defense attorney for the appellant, and a defense attorney for Mr. Salinas, all related various stories concerning the plea. For purposes of a bill, appellant's counsel called Mr. Salinas to the stand. Mr. Salinas testified that, in relation to the plea, he was at first told by his attorney that he would not be allowed to enter the plea and accept the amount of time offered without also giving an "along with" stipulation regarding Andrew Ikeda. He testified that he wanted this plea, because it provided him with fifteen years, *non-aggravated* time, and if he went to trial and was convicted, he could only get aggravated time because of prior convictions. He stated that he only went

along with the initial "along with" stipulation in order to get the plea. When questioned further about the plea, he pled the Fifth Amendment.

After a request by appellant for the trial court to force Salinas to answer, the Court refused, and the witness stated, "I'd rather get a contempt of court than aggravated perjury." Apparently, the State threatened Salinas with aggravated perjury because his sworn testimony conflicted with the prior sworn stipulation in his plea. Faced with the threat of additional criminal indictment, Salinas chose not to testify further. In fact, the Court commented: "You've probably got a good point on the aggravated perjury charge." This comment by the Court could well have led the witness to refuse to answer any further questions for fear of additional charges.

■ Texas courts have long recognized that "it is clearly inadmissible to permit a witness to give a partial account of his knowledge of [a] transaction, suppressing other of the circumstances, whether the evidence is to be used in favor of or against the State." *Grayson v. State*, 684 S.W.2d 691, 695 (Tex.Crim.App.1984) *citing Ex parte Park*, 37 Tex.Crim. 590, 40 S.W. 300 (1897) (quoting with approval *State v. K.*, 4 N.H. 562 (1829). Once having related part of a transaction, a witness should not be permitted to assert the Fifth Amendment in order to prevent disclosure of additional, relevant facts. *Draper v. State*, 596 S.W.2d 855, 857 (Tex.Crim.App.1980). "If [a witness] voluntarily states a part of the testimony, he waives his right, and cannot afterwards stand on his [Fifth Amendment] privilege." *Id. citing Rogers v. United States*, 340 U.S. 367, 71 S.Ct. 438, 95 L.Ed. 344 (1951).

■ Salinas testified on direct examination that he did not commit this robbery with Andrew Ikeda. Then on cross-examination, he admitted that he entered a plea in which he signed a stipulation that he committed the robbery "along with Andrew Ikeda." During the bill he indicated that he would never have stipulated to the "along with" language if the State had not required it as a part of the plea. Then, in fear of additional prosecution, he pled his Fifth Amendment rights. It was error for the trial court not to force Salinas to answer all the questions. Further, it was error for the trial court not to allow defense counsel to redirect questions to the witness on matters which were covered in cross examination.

■ Having found error, it is necessary for this Court to conduct a harmless error analysis. Tex.R.App.P. 81(b)(2) requires this Court to "reverse this judgment under review, unless [we] determine beyond a reasonable doubt that the error made no contribution to the conviction or the punishment." We cannot say beyond a reasonable doubt that the jury would have still found Appellant guilty if they had been able to hear Salinas testify that he only agreed to the "along with" stipulation because the State required it for the plea bargain, and not because it was true. Therefore, we sustain appellant's first two points of error. Having found reversible error, we find it unnecessary to address the remaining two points. We reverse the judgment of the trial court, and remand the case for a new trial.