**Ronal Ramiro MOSQUERA, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

No. 13–92–410–CR.

Court of Appeals of Texas, Corpus Christi.

June 2, 1994.

Fred Jimenez and Mary Esther Guerra, Law Offices of Fred Jimenez, Corpus Christi, for appellant.

Carlos Valdez, Dist. Atty., Corpus Christi and John Gilmore, Asst. Dist. Atty., Portland, for appellee.

Before SEERDEN, C.J., and DORSEY and YAÑEZ, JJ.

## OPINION

YAÑEZ, Justice.

Appellant was convicted of delivery of cocaine and sentenced to ten years in prison, probated, and a $5,000 fine. By three points of error he contends that the trial court erred by admitting certain police reports into evidence. We reverse.

Appellant was charged with knowingly or intentionally making an actual or constructive transfer of cocaine of an aggregate weight, including adulterants or dilutants, of less than 28 grams. Jim Dickson, commander of the Tri–County Narcotics Task Force, gave the following testimony. An informant introduced him to David Olsen so that Dickson could buy cocaine from Olsen. Dickson and several other undercover officers met Olsen at the Lipstick Saloon in Corpus Christi. Olsen produced a small sample of cocaine. Olsen and Dickson then went to the informant's car so that Dickson could sample the cocaine. The officer pretended to "snort" a line of cocaine and then the two went back inside. Dickson gave Olsen $70 to purchase a larger amount of cocaine. Olsen then went to a telephone, appeared to make a call, and returned to Dickson's table. About ten or fifteen minutes later, appellant came to the table. Dickson stated that appellant was introduced to him as "Panama." Panama spoke only broken English and he and Dickson communicated through Olsen. Olsen gave appellant some money. Appellant then handed Olsen a clear plastic packet of white powder which Olsen then passed to Dickson. Officer Leonard Hinojosa testified at trial that the substance in the bag was cocaine. Olsen later pled guilty to a charge of delivering cocaine.

At trial, David Olsen testified for appellant. He stated that he and Dickson first went to the car, that both of them "did" a line of cocaine, and that the two eventually went to the men's room where Dickson purchased $20 of cocaine from him. Olsen said that the drug exchange took place in the restroom and then the two went their differ-

ent ways. He testified that appellant did not participate in the delivery.

■ The State introduced the plea packet from Olsen's case. It consisted of a Judicial Confession and Stipulation, signed by Olsen, his attorney, and the judge. Several police reports and investigative documents were attached. Appellant objected to all but the first page of the packet on grounds that Olsen did not stipulate to the attached police reports, which were inadmissible hearsay. *See* Tex.R.Crim.Evid. 803(8)(B). The trial court admitted the entire document as a copy of an official court record. By point one appellant complains that the trial court erred in admitting Olsen's confession and stipulation because it contains inadmissible police investigation reports.

The rules of evidence forbid the admission of police reports, expressly excluding such documents from the "public documents" exception to the hearsay rule. Tex.R.Crim. Evid. 803(8)(B). The State argues that the reports were not hearsay in that they were offered to impeach Olsen and not for the truth of the matters asserted therein. *See* Tex.R.Crim.Evid. 612(a); 801(d), (e)(1).

Indeed, at trial the State argued that the plea packet showed that Olsen agreed to one set of facts to get a favorable deal from the State in his own case and testified to a different set of facts on appellant's behalf. However, the plea packet's Judicial Confession and Stipulation does not incorporate the attached police reports in any way. The first page of State's Exhibit 2, entitled "Judicial Confession and Stipulation," reads:

> I am pleading guilty to the offense of delivery of cocaine because I am guilty. My plea is freely, voluntarily, knowingly, and intelligently given.

> On this day in open court, I, David Olsen, waive my right against self-incrimination and hereby judicially confess that on March 21, 1991, in Nueces County, Texas, I, did then and there knowingly or intentionally make an actual transfer or a constructive transfer of cocaine, a controlled substance listed in Penalty Group I of the Texas Controlled Substance Act, to Jim Dickson, and that the amount transferred

was, by aggregate weight, including any adulterants or dilutants, less than 28 grams.

*I hereby agree and stipulate that the facts contained in this instrument are true and correct* (emphasis added).

No indication within the document itself shows that the attached police reports were part of "the instrument."[1] Appellant's objection below properly raised this issue of whether Olsen had stipulated to the attached reports. The crux of appellant's complaint both here and below is that the State was improperly allowed to impeach Olsen with a prior inconsistent statement that was not necessarily his.

Olsen admitted that he pled guilty to the delivery offense and that he signed the judicial confession. However, Olsen denied appellant's involvement in the transfer and denied that he stipulated to the facts contained in the police reports attached to the confession. The State was entitled to impeach Olsen with a prior inconsistent statement. TEX.R.CRIM.EVID. 612(a); 801(e)(1), (2). However, here the witness denied making the statement, and the State failed to prove that the attachments were indeed part of appellant's stipulation of evidence. Olsen's confession merely recites the allegations in the indictment and stipulates that they are true. This confession by itself is sufficient to sustain Olsen's guilty plea. *Ferguson v. State,* 571 S.W.2d 908, 910 (Tex.Crim.App. 1978), *overruled on other grounds* in *Morgan v. State,* 688 S.W.2d 504, 507 (Tex.Crim.App. 1985). The confession does not clearly refer to any other documents or facts. *See* TEX. CODE CRIM.PROC.ANN. art. 1.15 (Vernon Supp. 1994). Nevertheless, the trial court admitted the plea packet as an official court record. The trial court erred in doing so because there was no clear showing on the record that Olsen had indeed stipulated to the facts as recited in the police reports.

The rules of evidence provide that a statement is not hearsay if:

the declarant testifies at the trial or hearing and is subject to cross-examination concerning the statement, and the statement is (A) inconsistent with his testimony, and was given under oath subject to the penalty of perjury at trial, hearing or other proceeding; or

the statement is offered against a party and is (A) his own statement in either his individual or representative capacity or (B) a statement of which he has manifested his adoption or belief in its truth ...

TEX.R.CRIM.EVID. 801(e)(1)(A), (2)(A)(B). The police reports attached to Olsen's judicial confession do not fit either of these exceptions since there is no reference to the reports in the confession. Even if the stipulation did include the police reports, indicating that Olsen had somehow "adopted" them as his own, the officers' reports could not be used to impeach Olsen's version of events at appellant's trial. A stipulation of evidence is not an agreement that the evidence or testimony is admissible or that the testimony is truthful. *Coleman v. State,* 790 S.W.2d 369, 371 (Tex.App.—Dallas 1990, no pet.). It is merely an agreement to waive cross-examination of witnesses and that the witnesses would give the same testimony if they appeared in open court. *Id.*

Other cases in which a third party witness testifying for the accused has been impeached by statements in a prior plea agreement include *Richardson v. State,* 786 S.W.2d 335 (Tex.Crim.App.1990), *cert. denied,* —— U.S. ——, 112 S.Ct. 448, 116 L.Ed.2d 466 (1991) and *Ikeda v. State,* 846 S.W.2d 519 (Tex.App.—Houston [14th Dist.] 1993, pet. ref'd.). In *Richardson,* a co-defendant who had previously pled guilty was impeached at the appellant's trial with his prior guilty-plea papers. In them, he confessed to possessing cocaine and marihuana "along with" the appellant. The Court held that the

---

1. The State supplemented the record with a certified copy of what it alleges is the actual exhibit introduced into evidence. The pages of the exhibit are in a slightly different order than that of the document contained in the statement of facts, and it bears the district clerk's seal and certification stamp. The exhibit this Court originally received with the statement of facts is also certified by the court reporter as authentic. Because this discrepancy is not critical to our disposition, we decline to send for the original exhibit or to remand the issue to the trial court. *See* TEX. R.APP.P. 51(d), 55.

trial court did not err in denying a limiting instruction because the accused adduced the plea papers without limitation. Therefore they were admissible for impeachment and as direct evidence. *Richardson,* 786 S.W.2d at 337–38.

In *Ikeda,* the appellant's co-defendant also pled guilty at a prior proceeding. At the appellant's trial, the co-defendant admitted to pleading guilty and to stipulating that he had committed the offense "along with" appellant. On re-direct examination, defense counsel attempted to show that the co-defendant entered the stipulation only because the State had required it and that the stipulation was not, in fact, true. The appellate court held that the trial court erred in not allowing defense counsel to question the witness about the "along with" stipulation. In both of these cases, a witness testifying for the accused was impeached with a statement from a plea packet which implicated both the witness and the accused. However, the confession before us here contains no "along with" statement implicating appellant. The plea packet here had only Olsen's confession and the attached police reports, which the State failed to show were part of appellant's stipulation of evidence. We sustain point one.

█ Moreover, we find the trial court's error in admitting the packet was harmful. The entry of the plea packet put additional facts before the jury that were not part of Dickson's testimony. For example, Dickson's report stated that Olsen said he had to get the cocaine from appellant. Dickson did not testify to that fact at trial. Dickson was the only officer who saw appellant pass the drugs to Olsen, who then gave them to Dickson. Leonard Hinojosa, another officer involved in the undercover operation, testified that he never mentioned appellant in his report of the incident, but only reported that Olsen sold Dickson the cocaine. Hinojosa did not see the transfer and only reported the information he himself knew. Hinojosa did state that he believed appellant was Olsen's source at the time he did the undercover work. Appellant and Olsen testified that they were friends but that appellant was not involved in the transfer. The credibility of these witnesses was a significant issue. We

cannot determine beyond a reasonable doubt that the error made no contribution to appellant's conviction or punishment. We therefore reverse the trial court's judgment and remand for a new trial. We do not address appellant's other points since they are not necessary to the disposition of the appeal. Tex.R.App.P. 90(a).