TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-98-00066-CR







Daniel Rodriguez, Appellant



v.



The State of Texas, Appellee







FROM THE COUNTY COURT AT LAW NO. 5 OF TRAVIS COUNTY


NO. 488-866, HONORABLE WILFRED AGUILAR, JUDGE PRESIDING








 The county court at law found appellant guilty of assault and assessed punishment
at incarceration for 240 days. Tex. Penal Code Ann. § 22.01(a)(1) (West 1994). Appellant's brief
raises two issues: is the evidence factually sufficient to sustain the verdict, and did the court err
by permitting a witness to invoke the Fifth Amendment after she began her testimony? We will
answer these questions adversely to appellant and affirm the judgment of conviction.

 The State's only witness was Austin police officer Debbie Trevino. Around
midnight on October 23, 1997, she and her partner were dispatched to a residence where they first
encountered appellant. He told the officers that there had been an argument but nothing had
happened. Trevino heard a woman crying upstairs and went to investigate. She found appellant's
common law wife, Ruth Ann Cordova, in the bathroom. Cordova was holding a bloody towel to
her face. She was shaking and crying, and appeared to the officer to be very upset. Trevino saw
a bleeding cut on Cordova's chin. Cordova was reluctant to speak to Trevino and at first told the
officer that nothing had happened. But in response to further questions, Cordova told the officer
that appellant, who had been drinking, became upset with her when she asked him to turn down
his music. Appellant pushed Cordova, choked her, struck her in the face with his fist, bit her
chin, and kicked her leg. Photographs of Cordova taken at the scene were introduced in evidence. 
The injury to her chin is visible in the photographs, as is a large bruise just below her knee. 
Officer Trevino also spoke to Cordova and appellant's seven-year-old daughter, who told the
officer that she "heard her mother and father screaming, and she could hear her mother saying
stop and to get off of her." (1)

 Cordova was called as a witness by the defense. She testified that she had been
drinking on the evening in question and "I just started attacking him [appellant]." She said she
was "yelling at him, just talking really bad and hitting him." She "maybe slapped him a few
times." At this point, the court interrupted the testimony, drew Cordova's attention to the
statements she gave the police, and asked if she understood that it was a crime to give a false
report to a police officer or to give false testimony at a trial. The Court then called an attorney
forward and appointed him to consult with Cordova. After a brief recess, Cordova returned to
the witness stand. Asked by defense counsel if appellant assaulted her, Cordova replied, "I want
to remain silent." The court then terminated the questioning and indicated that Cordova's prior
testimony would be stricken.

 Appellant concedes the evidence is legally sufficient to sustain his conviction, but
urges that the court's verdict is so contrary to the overwhelming weight of the evidence as to be
clearly wrong and unjust. See Clewis v. State, 922 S.W.2d 126, 129 (Tex. Crim. App. 1996);
Stone v. State, 823 S.W.2d 375, 381 (Tex. App.--Austin 1992, pet. ref'd as untimely filed). He
argues that Cordova's accusations against him were suspect because she first told the officer that
nothing had happened to her, and that she accused appellant of attacking her only after the officer
persisted in her questions. He notes that Cordova's statements were not tested by cross-examination. He also asserts that the trial court considered appellant's failure to testify when it
stated at the conclusion of the trial that the evidence was uncontroverted. (2) Appellant concludes
that no rational fact-finder could conclude that the State had met its burden of proof in this case.

 The trier of fact is the exclusive judge of the credibility of the witnesses and the
weight to be given their testimony, and may accept or reject all or any part of the evidence. 
Castellano v. State, 810 S.W.2d 800, 807 (Tex. App.--Austin 1991, no pet.). We are not free
to reweigh the evidence in the exercise of our fact jurisdiction, and we will not set aside a verdict
merely because we feel that a different result is more reasonable. Clewis, 922 S.W.2d at 135;
Reina v. State, 940 S.W.2d 770, 773 (Tex. App.--Austin 1997, pet. ref'd). If Cordova's
statements to the police were inconsistent, the court could rationally attribute this to her emotional
and physical condition. We also note that the photographs tend to corroborate Cordova's
description of appellant's assaultive acts. Unpersuaded that the court's verdict is clearly unjust,
we overrule appellant's contention to the contrary.

 Appellant next urges that his rights under the Sixth and Fourteenth Amendments
were violated when the county court at law permitted Cordova to invoke the Fifth Amendment
after beginning her testimony. He relies on opinions holding that after a witness testifies to a part
of the facts of a transaction, she may not assert the Fifth Amendment to prevent the disclosure of
additional relevant facts. See Grayson v. State, 684 S.W.2d 691, 695 (Tex. Crim. App. 1984);
Blackmon v. State, 642 S.W.2d 499, 501 (Tex. Crim. App. 1982); Ikeda v. State, 846 S.W.2d
519, 521 (Tex. App.--Houston [14th Dist.] 1993, pet. ref'd).

 Appellant does not precisely identify the constitutional right or rights he claims
were violated. In any event, appellant voiced no objections to the court's actions at trial. Most
fundamental rights, including constitutional rights, must be asserted at trial or will be deemed
forfeited. Marin v. State, 851 S.W.2d 275, 279 (Tex. Crim. App. 1993); see Briggs v. State, 789
S.W.2d 918, 924 (Tex. Crim. App. 1990) (Sixth Amendment confrontation right waived by failure
to object at trial). Under the circumstances, appellant's second issue is not properly before us.

 The judgment of conviction is affirmed.



 

 Bea Ann Smith, Justice

Before Justices Powers, Kidd and B. A. Smith

Affirmed

Filed: October 29, 1998

Do Not Publish
1. There was no objection to Trevino's testimony. The court indicated that the statements to
Trevino were admissible under the excited utterance exception to the hearsay rule. See Tex. R.
Evid. 803(2).
2. Appellant does not, however, bring this contention forward as a point of error.



s stand. Asked by defense counsel if appellant assaulted her, Cordova replied, "I want
to remain silent." The court then terminated the questioning and indicated that Cordova's prior
testimony would be stricken.

 Appellant concedes the evidence is legally sufficient to sustain his conviction, but
urges that the court's verdict is so contrar