NUMBER
13-04-225-CR

                                 COURT OF
APPEALS

                     THIRTEENTH DISTRICT OF
TEXAS

                         CORPUS CHRISTI B EDINBURG

 

DOUGLAS FRANKLIN,                                                                     Appellant,

                                                             v.

THE STATE OF TEXAS,                                                                    Appellee.

 

 

                    On appeal from the 347th District
Court

                                        of
Nueces County, Texas.

 

 

 

                                M
E M O R A N D U M   O P I N I O N

 

     Before Chief Justice
Valdez and Justices Hinojosa and Rodriguez

 

      Opinion by Chief
Justice Valdez

 

 

 








A jury found appellant, Douglas Franklin, guilty on
four counts of aggravated sexual assault of a child.  Tex.
Pen. Code Ann. ' 22.021(a)-(c) (Vernon 2003).  After a sentencing hearing, the jury assessed
punishment at life imprisonment in the Institutional Division of the Texas
Department of Criminal Justice and a fine of $10,000 for each count.  The court ordered the sentences to run
concurrently.  Appellant raises two
issues on appeal:  (1) the trial court
erred in admitting the victim=s videotaped interview into evidence; and (2) the
trial court erred in admitting the original offense report of appellant=s prior conviction for possession of a controlled
substance into evidence.  We affirm.  

Procedural Background

Appellant was charged with four counts of aggravated
sexual assault of a child, alleged to have occurred on December 1, 2000,
January 1, 2001, February 5, 2001, and November 1, 2001, respectively.  A jury trial commenced on November 17, 2003,
but a mistrial was declared.  The case
was then tried to a jury in December 2003, but after the jury could not reach a
verdict with respect to guilt, another mistrial was declared.  The case was finally tried to a jury in
April, 2004, and the appellant was found guilty as charged on each of the four
counts. 

I. Admission of Videotape 

a. Facts 








The victim in this case, S.F., is appellant=s niece.  S.F.
was born in September of 1994, which made her six and seven years of age at the
time the incidents took place.  S.F.
testified that while staying at her grandmother Leona=s apartment[1]
and at appellant=s apartment,[2]
appellant sexually assaulted her.  The
assaults consisted of appellant pulling down S.F.=s
underwear, spraying something on his penis and putting it on or inside her Aprivate,@ causing it to burn. 
S.F. also testified that appellant put his finger in her Aprivate@ and wiggled it up and down and that this Ahurt really bad.@  According to S.F.=s testimony, appellant also put his Aprivate@ inside her mouth, which she described as slimy, and
that he also put his mouth on her Aprivate.@  While
appellant was performing these acts on S.F., appellant told her not to tell her
mother.  S.F. indicated that these
incidents happened during the day at Leona=s apartment and during the night at appellant=s apartment. 
The defense elected not to cross examine S.F.








Eventually, S.F. told her mother what appellant had
done to her.  Her mother contacted Child
Protective Services.  On November 20,
2001, Mindy Guajardo, a CPS investigator,[3]
interviewed S.F., who gave a very detailed account of what appellant had done
to her.  This interview was
videotaped.  The videotaped interview,
which comports with the testimony of S.F., was shown to the jury after defense=s objection was overruled. Also on November 20,
2001, S.F. was taken to Driscoll Children=s Hospital in Corpus Christi, where Sonja Eddleman,
a sexual assault nurse examiner, interviewed and examined her.  According to Eddleman=s testimony, the exam showed no physical signs of
assault, but this was not surprising since the assaults had occurred many
months prior.  The defense offered contradictory evidence.  Appellant did not testify but he called his
former wife and his grandmother, who testified that appellant rarely saw the
children because he worked and was attending school and that he was never alone
with S.F.  His ex-wife said that S.F. did
not act afraid of appellant.  She also
said that she was aware of instances where S.F. had lied to her, that some of
what S.F. said on the CPS videotape was not true, and that S.F.=s mannerisms on the videotape were similar to those
S.F. displayed when she was lying.  The
defense argued that S.F. had a motive to lie and that she was influenced into
doing so by her mother.[4]


b. Standard of Review

The standard of review for a trial court's decision
to admit or exclude evidence is abuse of discretion.  Angleton v. State, 971 S.W.2d 65, 67
(Tex. Crim. App. 1998).  An abuse of
discretion occurs when the trial court acts arbitrarily or unreasonably, without
reference to guiding rules or principles. 
Montgomery v. State, 810 S.W.2d 372, 380 (Tex. Crim. App.
1990).  If the ruling was correct on any
theory of law applicable to the case, in light of what was before the trial
court at the time the ruling was made, then we must uphold the judgment.  State v. Ross, 32 S.W.3d 853, 856
(Tex. Crim. App. 2000); Weatherred v. State, 15 S.W.3d 540, 542 (Tex.
Crim. App. 2000); Romero v. State, 800 S.W.2d 539, 543‑44 (Tex.
Crim. App. 1990).

c. Prior Consistent Statement  








Under Texas Rules of Evidence 801(e)(1)(B), the
prior consistent statement of a witness is admissible to rebut an express or
implied charge of recent fabrication or improper influence or motive if the
statement was made before the motive to fabricate arose.  Moody v. State, 827 S.W.2d 875, 894
n.11 (Tex. Crim. App. 1992); Haughton v. State, 805 S.W.2d 405, 408
(Tex. Crim. App. 1990).  The State
justified the admission of S.F.=s videotaped interview over objection because it was
a prior consistent statement and an exception to the hearsay rule under rule
801(e)(1) of the Texas Rules of Evidence. 


d. Discussion

Appellant argues that the videotape admission was
erroneous because although rule 801(e)(1)(B) allows for the admission of prior
consistent statements to rebut the allegations of improper influence or motive,
it also requires that a prior consistent statement be made before the alleged
improper influence or motive arose.  Haughton
v. State, 805 S.W.2d 405, 407 (Tex. Crim. App. 1990).  It is appellant=s
position that the videotaped statement made by the victim was produced after
she had been improperly influenced, thereby rendering the video inadmissible
hearsay.  The State argues that there
were other motives and that Ain order to satisfy Rule 801(e)(1)(B) it is not
necessary that a prior consistent statement have been made before all motives
to fabricate arose.@  Dowthitt
v. State, 931 S.W.2d 244, 266 (Tex. Crim. App. 1996).     








The trial court heard arguments as to the
admissibility of the videotape. 
Appellant contends that there was testimony that S.F.=s grandmother had filed for grandparental access to
her grandchildren before S.F. made her initial outcry, not after, thereby
producing a motive to lie.[5]  The State, however, argues that if S.F.=s motive was to benefit her mother and to be
returned to her mother=s custody, it is doubtful that S.F. would have made
such an accusation more than two years before she was removed from her mother=s custody.[6]  Taking into consideration all that was
presented at trial, we find that the trial court did not act arbitrarily and
unreasonably in accepting the State=s argument and therefore did not abuse its
discretion in admitting the videotape. 
Therefore, appellant=s first issue is overruled.  

II. Admission of Offense Report

By his second issue, appellant argues that the trial
court erred in admitting the offense report from appellant=s prior conviction into evidence.  At trial, the State presented documentation
of a prior conviction for (1) driving while intoxicated, (2) possession of
marihuana, and (3) the felony for which he was on probation, possession of a
controlled substance, cocaine.  There
were no objections to the documentation establishing the first two
offenses.  With regard to the third
offense, appellant=s attorney stated that she had no objection to the
admission of the judgment; however, she objected generally to the introduction
of the accompanying indictment offense report and motion to revoke
probation.  After hearing arguments, the
trial court overruled the objection and admitted the documents. 








In appellant=s brief, appellant cites that police reports are
inadmissible hearsay.  See State v.
Mosquera, 877 S.W.2d 40, 41 (Tex. App.BCorpus Christi 1994, no writ); State v. Bermen,
798 S.W.2d 8, 11 (Tex. App.BHouston [1st Dist.] 1990, writ dism=d).  However,
in order to preserve error for appellate review, the complaining party must
make a specific objection and obtain a ruling on the objection.  Wilson v. State, 71 S.W.3d 346, 349
(Tex. Crim. App. 2002).  A general objection
will preserve error only when the error is obvious from the surrounding
context.  Tex. R. Evid. 103(a)(1); Tex.
R. App. P. 33.1(a)(1)(A); Cano v. State, 3 S.W.3d 99, 110 (Tex.
App.BCorpus Christi 1999, pet. ref=d).  By making
a vague general objection, appellant has failed to preserve this issue for our
review.  Accordingly, it is overruled. 

Conclusion

Having overruled appellant=s first and second issues, we affirm the judgment of
the trial court.  

 

 

                                           

Rogelio Valdez,

Chief Justice

 

 

Do
not publish.

Tex. R. App. P.
47.2(b).

 

 

Memorandum Opinion delivered and filed

this 18th day of August, 2005.











[1]S.F. and her younger brother, J.F.,
often stayed with her grandmother. 





[2]Appellant shared an apartment with
his now ex-wife.  Appellant also had a
son, C.T., from a previous marriage who lived with them as well.





[3]At the time of trial, Mindy
Guajardo was the executive director of the Nueces County Children=s Advocacy Center. 





[4]S.F.=s grandmother had filed a
grandparental access suit against S.F.=s mother.  Appellant
further argued that S.F.=s mother=s Arocky@ relationship with S.F.=s grandmother Agoes to the entire motive of the
fabrication of the story.@  





[5]The only evidence that appellant
cites to from the record regarding an existing motive comes from appellant=s closing argument: A[S.F.]has been lying to all of
us.  She loves her mother.  She wanted to stay with her mother.  When her mother suggested that they do
something to get [appellant] in trouble, to get [S.F.=s grandmother] in trouble, so that
they would not have any time with [S.F.=s grandmother] . . . @





[6]S.F.=s mother lost her parental rights
to S.F and J.F. in 2003.