Opinion issued May 28, 2026



In The

# Court of Appeals

For The

# First District of Texas

———————————

NO. 01-24-00647-CR

NO. 01-24-00679-CR

———————————

**PAUL COLEMAN, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 184th District Court**
**Harris County, Texas**
**Trial Court Case Nos. 1781470, 1848625**

---

## MEMORANDUM OPINION

Appellant Paul Coleman was convicted of two sexual felonies, with an enhancement found true, and sentenced to life imprisonment for both offenses. He argues on appeal that the trial court's exclusion of a defense witness violated his constitutional rights. We affirm.

## Background

As a child, Julia[1] spent time in and out of CPS custody and residential treatment centers. She befriended Cheryl[2] when they were both residents at a treatment center. Julia was then sent to a group home. When she was sixteen, Julia reconnected with Cheryl on social media. They planned that Julia would run away from her group home and live in an apartment with Cheryl and her boyfriend, Appellant. Cheryl, who was seventeen at the time, used Appellant's truck to pick up Julia and then Appellant, and they drove to a hotel instead of an apartment.

According to Julia, they entered a hotel room, and Julia was told Cheryl had been working there as a prostitute and Julia would be doing the same. Appellant told Julia she "needed practice" and sexually assaulted her. Appellant and Cheryl informed Julia what her prostitution would entail.

The next morning, Appellant sexually assaulted Julia again and left with Cheryl. Julia called a friend, and police came, took Julia into custody, and began an investigation. Police spoke to Cheryl, who told them she had been prostituting since she was sixteen but that Julia "was not doing it."

---

[1]  We use a pseudonym to protect the complainant's identity. *See* TEX. R. APP. P. 9.10(a)(3), (b).

[2]  *See id.*

2

The State charged Appellant with (1) trafficking a child and causing the child to become a victim of sexual assault and (2) sexual assault of a child younger than seventeen years of age, with an enhancement paragraph of prior aggravated sexual assault of a child. *See* TEX. PENAL CODE §§ 20A.02(a)(7)(C), 22.011.

At trial, Appellant attempted to call Cheryl as a witness. The trial court appointed legal counsel for Cheryl and held a hearing outside the jury's presence to determine if Cheryl would testify. The trial court and attorneys discussed whether Cheryl would invoke her Fifth Amendment right to refuse to incriminate herself, and the State made clear that they could still charge Cheryl with an offense related to the underlying incident. During the hearing, Appellant's counsel questioned Cheryl, who testified she was with Appellant "at all times" on the days in question, Appellant was never alone with Julia and never tried to have sex with her or traffic her for prositution. The State then questioned Cheryl about how Julia arrived at the hotel room, and Cheryl invoked the Fifth Amendent at the advice of her counsel.

Based on that invocation, the trial court ruled Cheryl would not testify, explaining, "This witness is asserting her Fifth Amendment privilege. I've not made her assert her Fifth Amendment privilege, but I'm not going to bring the jury out and have a jury listen to in part half of the testimony, and then the other part none of it." Appellant's counsel objected, "[Cheryl] is a very important witness. She is our only witness. She is an eyewitness to very critical facts in our defense. Without putting

3

her on, we really won't be able to put on a defense. It's denying us the right to due process." The trial court stood on its ruling, and Cheryl did not testify.

The jury found Appellant guilty of both offenses, and after finding the enhancement true, the trial court mandatorily sentenced Appellant to life imprisonment. *See* TEX. PENAL CODE § 12.42.

## Analysis

In a single issue, Appellant contends the trial court's refusal to allow Cheryl's exculpatory testimony denied him his Sixth Amendment right to compulsory process to present a defense and his Fourteenth Amendment right to due process.

## A. Standard of review and relevant law

"We review complaints concerning limitations on the right to compulsory process under an abuse-of-discretion standard." *Lawal v. State*, 368 S.W.3d 876, 886 (Tex. App.—Houston [14th Dist.] 2012, no pet.) (citing *Drew v. State*, 743 S.W.2d 207, 225 n.11 (Tex. Crim. App. 1987)); *see also Navarro-DePaz v. State*, 689 S.W.3d 19, 28 (Tex. App.—San Antonio 2024, pet. ref'd) ("We apply an abuse of discretion standard to review issues regarding limitations on the right to compulsory process, including a trial court's decision to allow a witness to invoke her Fifth Amendment privilege.").

A trial court does not "abuse its discretion in disallowing the defense witness' direct testimony when the witness[, invoking her Fifth Amendment privilege,]

4

refused to answer questions on cross-examination which were relevant to the subject matter of the inquiry or which related to the witness' direct testimony." *Keller v. State*, 662 S.W.2d 362, 365 (Tex. Crim. App. 1984); *Decker v. State*, 734 S.W.2d 393, 395 (Tex. App.—Houston [1st Dist.] 1987, pet. ref'd). If the witness invokes the privilege only as to collateral matters, however, direct testimony need not be struck. *Gordillo v. State*, No. 01-13-00477-CR, 2015 WL 730593, at *3 (Tex. App.—Houston [1st Dist.] Feb. 19, 2015, no pet.) (mem. op., not designated for publication). "A 'collateral' question is one which seeks only to test the witness' general credibility, or relates to facts irrelevant to the issues at trial." *Keller,* 662 S.W.2d at 365. The trial court should hold a hearing to determine whether a witness is invoking the Fifth Amendment because of a legitimate fear of self-incrimination. *Walters v. State*, 359 S.W.3d 212, 216 (Tex. Crim. App. 2011). If so, it is proper for the trial court to disallow the defendant from questioning the witness on direct examination because, "[o]nce having related part of the facts of the transaction, a witness should not be permitted to assert a Fifth Amendment privilege to prevent disclosure of additional relevant facts." *Draper v. State*, 596 S.W.2d 855, 857 (Tex. Crim. App. 1980).

**B.    No abuse of discretion**

Appellant argues *Keller* provides a rule that "categorically and arbitrarily prohibits the defendant from offering otherwise relevant, reliable evidence which is

vital to his defense." *Williams v. State*, 273 S.W.3d 200, 232 (Tex. Crim. App. 2008). He contends *Keller* unconstitutionally allows the State to prevent a crucial defense witness from testifying simply by refusing to grant the witness immunity, who then invokes the Fifth Amendment. He suggests this problem "could be alleviated by allowing crucial defense witnesses to testify when possible and assert their Fifth Amendment rights when necessary," with the trial court instructing the jury not to draw any inference from the witnesses' invocation of the Fifth Amendment.

We are an intermediate court of appeals "duty bound to follow precedent issued by the Texas Court of Criminal Appeals." *Kiffe v. State,* 361 S.W.3d 104, 109 (Tex. App.—Houston [1st Dist.] 2011, pet. ref'd). The State's question on Cheryl's cross-examination asking how Julia arrived at the hotel, to which Cheryl invoked the Fifth Amendment, is relevant and related to Cheryl's direct-examination testimony that Appellant did not sexually assault or traffic Julia at the hotel. Per *Keller*, the trial court did not abuse its discretion by disallowing Appellant from eliciting exculpatory testimony on Cheryl's direct-examination the State would be prevented from exploring on her cross-examiantion. *See* 662 S.W.2d at 365.

**Conclusion**

We overrule Appellant's sole issue and affirm the trial court's judgment.

Andrew Johnson
Justice

Panel consists of Justices Rivas-Molloy, Johnson, and Dokupil.

Do not publish. TEX. R. APP. P. 47.2(b).