**Terry Lynn PORTER, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 490–85.**

Court of Criminal Appeals of Texas, En Banc.

May 7, 1986.

Robert T. Baskett, Dallas, for appellant.

Henry Wade, Dist. Atty. and Kathi Alyce Drew, Charles Mitchell and Bob Phillips, Asst. Dist. Attys., Dallas, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

MILLER, Judge.

Appellant was charged with rape, alleged to have been committed on August 22, 1983.[1] A trial before a jury was held, and appellant was found guilty. The trial court assessed punishment at twenty years confinement in the Texas Department of Corrections.

Appellant appealed his conviction, and the case was transferred to the Eleventh District Court of Appeals, alleging seven grounds of error. The Court of Appeals affirmed the conviction in an unpublished opinion, Porter v. State, No. 11–84–152–CR, delivered March 14, 1985. Appellant petitioned this Court for discretionary review, which we granted to consider four grounds for review. We will reverse the case on the basis of appellant's first two grounds for review, which allege respectively that:

---

1. At the time of the offense, V.T.C.A. Penal Code, § 21.02 set forth the offense of rape. This law was repealed by Acts 1983, 68th Leg., p. 5321, ch. 977, § 12, effective September 1, 1983, and replaced by V.T.C.A. Penal Code, § 22.011, which renames the offense "sexual assault."

the Court of Appeals erred in finding that a jury instruction in the language of Art. 38.03, V.A.C.C.P., was a sufficient substitute for a requested instruction limiting the jury's consideration of extraneous offenses; and, the Court of Appeals erred in holding that a limiting instruction was not required.

In order to address these grounds, a brief recitation of the pertinent facts is necessary. At trial, appellant took the stand in his own defense. He testified that he had been in a lot of trouble in California. When appellant's attorney asked appellant in what type of trouble he had been in California, appellant stated that he had been charged with "pimping and pandering," and had entered a no-contest plea.

On cross-examination by the State's attorney, appellant admitted that he had been arrested for attempted murder and received 36 months probation, arrested for assault with a deadly weapon and received 36 months probation, arrested for possession of a billy club and received 24 months probation, arrested for kidnapping and rape (the charges were dismissed), arrested for burglary, and arrested for receiving stolen property. Appellant conceded that he had been in "an awful lot of trouble."

Prior to final argument, appellant requested the following jury instruction, which stated in pertinent part:

"You are instructed in this case that certain evidence was admitted before you in regard to the defendant having been convicted or arrested of [sic] an offense other than the one for which he is now on trial. You are instructed that such evidence can not [sic] be considered against the defendant as any evidence of his guilt, if any, in this case. Said evidence was admitted before you for the purpose of aiding you, if it does aid you, in passing upon the credibility of the defendant as a witness for himself in this case, and to aid you, if it does aid you, in deciding upon the weight you will give to him as such witness, and you will not consider the same for any other purpose."

The trial court refused appellant's instruction without elaboration. It did, however, include the following instruction in the charge: "the fact that the defendant has been arrested, confined or otherwise charged with an offense gives rise to no inference of guilt at his trial."

The Court of Appeals disposed of appellant's objections to the trial court's failure to give the jury a limiting instruction with the following language:

"... The requested instruction was timely presented and refused. The court charged the jury that 'the fact that the defendant has been arrested, confined or otherwise charged with an offense gives rise to no inference of guilt at his trial.' We hold that the trial court did not err in refusing the requested instruction. See *Ruiz v. State*, 523 S.W.2d 691 at 694 (Tex.Cr.App.1975):

Since the admission of the evidence (of an extraneous offense) was proper to rebut that offered by the appellant, there was no need for a charge limiting the jury's consideration of the testimony.

See also *Crow v. State*, 648 S.W.2d 17 at 18 (Tex.App.—Dallas 1983, no pet'n)."

*Porter*, supra, slip op. at 4.

■ We will first consider appellant's second contention that the Court of Appeals erred by concluding that a limiting instruction was not necessary. Generally, an instruction limiting a jury's consideration of certain evidence is not required when the evidence is admissible to prove a main fact in the case. *McWherter v. State*, 607 S.W.2d 531 (Tex.Cr.App.1980); *Ruiz*, supra; *Lapp v. State*, 519 S.W.2d 443 (Tex.Cr.App.1975); *Dillard v. State*, 477 S.W.2d 547 (Tex.Cr.App.1971); *Lacy v. State*, 424 S.W.2d 929 (Tex.Cr.App.1967).

■ If, however, evidence is offered for a specific purpose, the defendant is entitled upon proper request to a charge limiting the jury's consideration of that evidence to the purpose for which it was offered. *Crawford v. State*, 696 S.W.2d 903 (Tex.Cr.App.1985), at 907 citing *Hitchcock v. State*,

612 S.W.2d 930 (Tex.Cr.App.1981) and *Bates v. State*, 165 Tex.Cr.R. 140, 305 S.W.2d 366 (1957). If the trial court fails to give the jury a proper limiting instruction, reversible error arises. *Hitchcock*, supra.

█ In the case at bar, appellant admitted that the act of intercourse took place, and disputed only the complainant's failure to consent. The State argued at trial that the evidence of the extraneous offenses was offered only to impeach appellant by showing that appellant's trouble with the law in California was not, as appellant had said, limited to pimping and pandering.[2] Clearly, the evidence was not admitted to prove any main fact issue in the case and was offered for a specific purpose: to impeach appellant's credibility. As such, a limiting instruction was appropriate. Since appellant made a proper request, the trial court erred in denying appellant's requested instruction. Appellant's second ground of review is sustained.

When it overruled appellant's contention, the Court of Appeals' reliance upon *Ruiz*, supra, was misplaced. In that case, the defendant was charged with the murder with malice of his girlfriend. The defendant took the stand in his own defense, and testified that he was separated from his girlfriend, Sara, because she was having an affair with another man. On the day of the murder, the defendant saw Sara drive away in her car. He followed in his car, and when he drove alongside of her car, she shouted: "If you don't like it, you dumb ass," and then laughed. At that point, the defendant lost control of his feelings, took out a gun and shot her. In response to this testimony, the State presented evidence that the defendant and Sara had separated because the defendant had raped Sara's daughter, and that the defendant had shot Sara in revenge for "throwing him out of the house."

On appeal, the defendant argued that the trial court erred by instructing the jury that the evidence of the rape could be considered only for impeachment purposes. This Court held that the evidence regarding the reasons for the defendant's and Sara's separation was admissible to establish the defendant's state of mind at the time of the offense and to rebut the defendant's testimony on the issue. Commissioner Dally, writing for the Court, stated:

"The complained of evidence was admissible even though it showed an extraneous offense. Since the admission of the evidence was proper to rebut that offered by the appellant, there was no need for a charge limiting the jury's consideration of the testimony. The error in giving a charge limiting the jury's consideration of the testimony to impeachment purposes was an error against the state and the appellant is therefore in no position to complain."

*Id.*, at 694.

In *Ruiz*, supra, the evidence was admissible to prove a main fact in the case: the defendant's state of mind at the time the offense was committed. Thus, a limiting instruction was not necessary. That the trial court gave a limiting instruction was not reversible: the error weighed against the State, and the defendant was not harmed. Since in the instant case, the evidence of appellant's prior record was not relevant to any main fact in the case and was offered solely for impeachment, the *Ruiz* case does not apply.

█ We will now address appellant's first ground of review, that the Court of Appeals erred in finding that the instruction given by the trial court was a sufficient substitute for appellant's requested instruction. The language used in the given instruction was taken from Art. 38.03, V.A.C.C.P., which sets forth the presump-

---

**2.** In its brief, the State asserts that the evidence was also admissible because it corrected a false impression given the jury that appellant's trouble with the law in California was limited to pimping and pandering. The State assumes that "correcting a false impression" is a separate ground for admission of the evidence. Correcting a false impression left with the jury by presentation of contradictory facts is a *method* of impeachment. Thus, there is no justification for considering the evidence admissible on this basis as an independent ground for admission.

tion of innocence. See also V.T.C.A. Penal Code, § 2.01. This instruction did not limit the jury's consideration of the evidence of extraneous offenses to the purpose for which that evidence was offered. See *Crawford,* supra at 907 citing *Hitchcock* and *Bates,* supra. Rather, the given instruction instructed the jury in what manner it could not consider the evidence. Since the given instruction did not properly limit the jury's consideration of the extraneous offenses, it was not a proper substitute for appellant's requested charge. Appellant's first ground of review is also sustained.

Having found that the trial court erred in the case before us by failing to properly instruct the jury that the evidence of appellant's prior record could be considered only for a limited purpose, we must now consider any harm attributable to such error. In *Almanza v. State,* 686 S.W.2d 157 (Tex.Cr. App.1985), we held that if the error in the charge was the subject of a timely objec-tion, then reversal is required if the error caused the defendant "some" harm. See *id.* at 171. The Court of Appeals did not apply the holding in *Almanza,* supra, be-cause it found that the trial court did not err. Since we have determined that the charge should have been given, this case must be remanded to the Court of Appeals for an assessment of harm to appellant in light of the holding in *Almanza,* supra, and a determination of whether the case should be affirmed or reversed. See *Shannon v. State,* 698 S.W.2d 153 (Tex.Cr.App.1985).

Thus, the judgment of the Court of Appeals is vacated and the cause is remanded to that court.