**John Howard ABDNOR, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 1045–88.

Court of Criminal Appeals of Texas,
En Banc.

April 10, 1991.

Rehearing Overruled May 15, 1991.

Ronald L. Goranson, Dallas, for appellant.

John Vance, Dist. Atty. and Pamela Sullivan Berdanier, Mike Gillett and Gerald Banks, Asst. Dist. Attys., Dallas, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

PER CURIAM.

The jury rejected appellant's insanity defense, convicted him of murder and sentenced him to confinement for life. The Court of Appeals affirmed appellant's conviction. *Abdnor v. State,* 756 S.W.2d 815 (Tex.App.—Dallas 1988). We granted appellant's petition for discretionary review on three grounds.[1] For the following rea-

---

**1.** We granted this petition for discretionary review to determine whether the Court of Appeals erred by: 1) holding that it was harmless error for the trial court to permit a defense witness to be cross-examined and a prosecution witness to base his opinion on appellant's hospital records

sons we will reverse the judgment of the Court of Appeals.

In his third ground for review, appellant argues that the trial court failed to provide a limiting instruction to the jury regarding extraneous offenses allegedly committed by appellant.[2] On direct examination during the guilt/innocence phase, State's witness Bryan Parsons testified that appellant telephoned on July 25, 1980, two days before the alleged offense, and stated that complainant, appellant's girlfriend, had an abortion, and that appellant and complainant had terminated their relationship. During that conversation appellant stated, "That bitch really screwed up this time ... if she walked through that door right now I'd blow her head off. I'd just blow her right up against the wall." Parsons related that conversation to members of the Dallas County District Attorney's Office eight months later in March, 1981.

On cross-examination, defense counsel impeached Parsons with his statement of September 13, 1981, the Sunday before trial began, wherein Parsons stated that he had lied about the March, 1981 conversation. On redirect examination, the State attempted to rehabilitate Parsons. Parsons testified that he recanted his March 1981 statement because he feared appellant. His fear stemmed from two extraneous offenses. First, appellant previously pulled a knife on Parsons. Second, appellant telephoned Parsons' boss and threatened to kill Parsons. Both of these events allegedly occurred in June, 1980, approximately one month *prior*[3] to the telephone conversation and the alleged offense.

Appellant objected to the admission of the extraneous offenses. Specifically, the record reflects the following:

[DEFENSE COUNSEL]: What we're objecting to, Your Honor, is the testimony, in effect, brings in extraneous matters and extraneous offenses: to-wit, assault, from the witness, which would be inadmissible for general purposes in this case, in that it would show—it would have a tendency to show that the Defendant is a criminal generally, and it is not really admissible on any issue in the trial.

... [I]t affects the state of mind of the witness, and its prejudice far outweighs any relevance of materiality of the testimony.

Basically, it is an extraneous offense: it's not relevant to the actual issues in this case. The State is only offering it for a limited purpose, and the prejudice outweighs its materiality.

THE COURT: Overruled.

\*　　\*　　\*　　\*　　\*　　\*

[Defense Counsel]: And I would also request that, as this testimony comes in, immediately after the witness makes the statements ... the Judge *instruct the jury, specifically, that the testimony is admitted only for the purposes of how it affects the credibility of the witness, and it's not to be considered for any purpose whatsoever as to whether or not the Defendant is guilty of the offense charged.*

THE COURT: Okay. Denied at this time. *I'll take that up when we take up the Charge.* (Emphasis added.)

Prior to its submission to the jury, appellant objected to the court's charge for its

---

which were controlled by the therapist/patient privilege of former Tex.Rev.Civ.Stat. art. 5561h (repealed), 2) concluding that the trial court did not err in permitting an investigator to testify about oral statements made by appellant and to testify that appellant chose not to explain exactly how the killing had taken place, and 3) deciding a question of law in conflict with the applicable decisions of the Court of Criminal Appeals requiring the limitation of evidence to the purpose for which the testimony was admitted.

**2.** This case was tried before the effective date of Tex.R.Crim.Evid. 105(a):

When evidence which is admissible as to one party or for one purpose but not admissible as to another party or for another purpose is admitted, the court, upon request, shall restrict the evidence to its proper scope and instruct the jury accordingly, but, in the absence of such request the court's action in admitting such evidence without limitation shall not be a ground for complaint on appeal.

Therefore, we will not analyze this case pursuant to that rule.

**3.** All emphasis herein supplied by author unless otherwise indicated.

failure to limit the jury's consideration of the extraneous offenses. Appellant offered several proposed charges for the trial court's consideration.[4]

■ It is well settled that a defendant is to be tried on accusations in the State's pleading only, and not for being a criminal generally. *Wilkerson v. State*, 736 S.W.2d 656 (Tex.Cr.App.1987). Proof of an extraneous offense may be admissible at the guilt/innocence phase of trial insofar as it illuminates a material issue in that case. E.g. *Crank v. State*, 761 S.W.2d 328, 340–45 (Tex.Cr.App.1988). It is never admissible merely to encourage the inference that an accused is probably guilty because he committed other crimes. *Williams v. State*, 662 S.W.2d 344 (Tex.Cr.App.1983).

■ In the case at bar, the State was entitled to introduce evidence of appellant's extraneous offenses for the *limited purpose* of explaining Parsons' prior inconsistent statement. *Williams v. State*, 604 S.W.2d 146 (Tex.Cr.App.1980); *Villarreal v. State*, 576 S.W.2d 51 (Tex.Cr.App.1978). Where evidence is admissible for a limited purpose and the court admits it without limitation, the party opposing the evidence has the burden of requesting a limiting instruction. *Plante v. State*, 692 S.W.2d 487, 493 (Tex.Cr.App.1985). Appellant met that burden, but the trial court refused to limit the jury's consideration of the extraneous offenses. Accordingly, the trial court erred. See *Porter v. State*, 709 S.W.2d 213 (Tex.Cr.App.1986).

■ Having determined that a limiting instruction should have been given, this case must be remanded to the Court of Appeals for an assessment of harm in light of our holding in *Almanza v. State*, 686 S.W.2d 157 (Tex.Cr.App.1985).

The judgment of the Court of Appeals is reversed and the cause is remanded to that court for action consistent with this opinion.

BAIRD, Judge, concurring in part and dissenting in part.

I concur with the holding of the majority that the trial court erred by refusing to limit the jury's consideration of the extraneous offenses. However, for the following reasons, I respectfully dissent to the disposition reached by the majority opinion.

Appellant was convicted in 1981. His original appeal seeking to establish indigency took five years. *Abdnor v. State*, 712 S.W.2d 136 (Tex.Cr.App.1986). His direct appeal on the merits was not resolved until 1988. *Abdnor v. State*, 756 S.W.2d 815 (Tex.App.—Dallas 1988). This case has been pending before this Court since that time. Today, the majority remands the cause for the Court of Appeals to conduct a harm analysis.

I believe justice would be better served if we conducted such an analysis instead of remanding this cause to the Court of Appeals. Contrast, *Porter v. State*, 709 S.W.2d 213 (Tex.Cr.App.1986) (trial court error in failing to limit jury's consideration of extraneous offenses constituted error;

---

**4.** In his "Requested Jury Instructions I", appellant requested the following:

> You are instructed that certain testimony involving a conversation between the witness, Bryan Parsons, and Mike Duran concerning a threat made against Bryan Parsons was admitted into evidence. Said testimony was admitted only to aid the jury, if it does, in passing on the credibility of the witness, Bryan Parsons, and is not to be considered for any purpose whatsoever against the defendant, John Howard Abdnor.

> You are further instructed that certain testimony involving an altercation between Bryan Parsons and John Howard Abdnor was admitted into evidence. Said testimony was admitted only to aid the jury, if it does, in passing on the credibility of the witness, Bryan Par-

sons, and is not to be considered for any purpose whatsoever against the defendant, John Howard Abdnor.

In his "Requested Jury Instructions–II", appellant requested the following:

> You are instructed that certain testimony involving an altercation between the defendant and Bryan Parsons was admitted into evidence only to aid the jury, if it does, in passing on the credibility of the witness, Bryan Parsons, (or in the alternative, without waiving the foregoing request, in passing on the state of mind of the witness Parson's [sic] in refusing to talk with defense counsel, Randy Taylor) and is not to be considered for any purpose whatsoever against the defendant, John Howard Abdnor.

reversed and remanded for Court of Appeals to assess harm pursuant to *Almanza v. State*, 686 S.W.2d 157 (Tex.Cr.App. 1985)).

An error in a jury charge which has been properly preserved by objection will call for reversal as long as the error is not harmless. *Almanza v. State*, 686 S.W.2d 157, 171 (Tex.Cr.App.1985) (Opinion on State's Motion for Rehearing). Where the defendant preserves error by timely requesting a jury instruction, *any* harm resulting to a defendant will require reversal. *Gibson v. State*, 726 S.W.2d 129, 133 (Tex.Cr.App. 1987) (Emphasis in original).

For the following reasons I cannot conclude that the trial court's failure to limit the jury's consideration of the extraneous offenses was harmless. First, there is a greater prejudicial effect from the admission of criminal extraneous conduct rather than noncriminal conduct. *Plante v. State*, 692 S.W.2d 487, 490 n. 3 (Tex.Cr.App.1985). Additionally, appellant attempted to establish the affirmative defense of insanity, which was sharply contested with experts contradicting each other. As appellant never physically harmed Parsons, the jury might have concluded from the extraneous acts that appellant knew that his conduct was wrong, or that appellant was capable of conforming his conduct, when he killed the complainant. Tex.Code Crim.Proc.Ann. § 8.01. Finally, the State mentioned the extraneous offense involving the knife at closing argument but did *not* limit the argument to Parsons' credibility. Therefore, in my opinion, the failure to limit the jury's consideration of the extraneous offenses was not harmless. *Richardson v. State*, 751 S.W.2d 663 (Tex.App.—Houston [1st Dist.] 1988), rev'd on other grounds, *Richardson v. State*, 786 S.W.2d 335 (Tex.Cr. App.1990).

Finally, while I believe, for the reasons stated above, the Court of Appeals will find harm pursuant to *Almanza*, 686 S.W.2d 157, in the event the Court of Appeals does not, we will certainly be called upon to address the remaining two grounds for review, and the disposition of the harm analysis pursuant to this remand. This would result in even greater appellate delay when such can be prevented by this Court at this time.

MILLER, J., joins this opinion.

McCORMICK, Presiding Judge, dissenting.

The majority reverses appellant's conviction based on his contention that "[t]he Court of Appeals has decided a question of law in conflict with the applicable decisions of the Court of Criminal Appeals requiring the limitation of evidence to the purpose for which the testimony was admitted." We granted appellant's petition for discretionary review on this and two other grounds as noted in footnote 1 of the majority opinion. Because the Court of Appeals did not address the ground for review upon which the majority now reversed, I dissent.

In the Court of Appeals, appellant raised the point of error that "[t]he trial court erred in permitting the prosecution to introduce evidence of an extraneous offense concerning an altercation between the Appellant and Bryan Parsons." Addressing this point, the Court of Appeals held:

"The general rule is that an accused may not be tried for some collateral crime or for being a criminal generally. *Rubio v. State*, 607 S.W.2d 498, 499 (Tex. Crim.App.1980). It is well recognized, however, that this rule must in some instances give way, as where the prosecution shows that the extraneous transaction is relevant to a material issue in the case and where its probative value outweighs its prejudicial potential. *Elkins v. State*, 647 S.W.2d 663, 665 (Tex. Crim.App.1983). The extraneous transactions in this case were relevant to the witness's credibility and his ability to explain a prior inconsistent statement originally elicited by Abdnor's defense counsel. Simply, evidence that a witness has been threatened is admissible to explain prior inconsistent statements by the witness. *Williams v. State*, 604 S.W.2d 146, 150 (Tex.Crim.App.1980). We overrule Abdnor's sixth point of error."

*Abdnor v. State,* 756 S.W.2d 815, 822 (Tex.App.1988).

Neither in addressing this point of error nor anywhere else in the Court of Appeals' opinion is the issue of the necessity for an instruction touched upon. Such issue appears in the record below only in a tangential argument in appellant's brief pursuant to point of error six as set forth above. With the advent of discretionary review practice in this Court, there was much discussion relative to our role in reviewing decisions of the Courts of Appeals. Early on, Judge Clinton noted:

"The Rules of Post Trial and Appellate Procedure in Criminal Cases governing petitions for discretionary review in this Court do not authorize review of claims which have not been presented in an orderly fashion and determined by the appropriate court of appeals." *Lambrecht v. State,* 681 S.W.2d 614 (Tex.Cr. App.1984).

See also *Arline v. State,* 721 S.W.2d 348 (Tex.Cr.App.1986) at footnote 9; *Humason v. State,* 728 S.W.2d 363 (Tex.Cr.App.1987) at footnote 4; and *Tallant v. State,* 742 S.W.2d 292 (Tex.Cr.App.1987).

The adoption of this view was not without objection. On numerous occasions, former Presiding Judge Onion chastised the majority for failing to address issues before this Court even though not addressed by the lower court, and for remanding cases to the Courts of Appeals to perform some function this Court was capable of performing. See *Orn v. State,* 753 S.W.2d 394 (Tex.Cr.App.1988) (Onion, P.J., dissenting: "I vigorously dissent to the failure of the majority to dispose of this cause *now*"). It was in such a dissent that Judge Onion coined the now popular phrase of "appellate orbit":

"I dissent to the remand to the Court of Appeals. The case has already been reversed on other grounds. I would decide the exigent circumstances question here. We needlessly keep too many cases in appellate orbit." *Adkins v. State,* 717 S.W.2d 363 (Tex.Cr.App.1986, Onion, P.J. dissenting). See also *Black v. State,* 723 S.W.2d 674 (Tex.Cr.App. 1986, Onion, P.J. dissenting).

Despite these protests, this Court has established the policy of not addressing issues unless the opinion of the Court of Appeals has done so. As Judge Campbell explained so clearly in *Angel v. State,* 740 S.W.2d 727 (Tex.Cr.App.1987):

"Our state constitution limits this Court's discretionary appellate power to review of 'a decision of a Court of Appeals in a criminal case as provided by law.' Tex. Const. art. V, § 5; see also Tex.R.App.Proc. 202(a). Our own rules of procedure further limit our review to those particular grounds raised in the petition and granted by this Court. Tex. R.App.Proc. 202(d)(4); see *McCambridge v. State,* 712 S.W.2d 499, 500 n. 2 (Tex. Cr.App.1986) (discretionary review strictly limited to ground raised and granted in petition); *Eisenhauer v. State,* 678 S.W.2d 947, 956 (Tex.Cr.App.1984) (Clinton, J., dissenting) ('Our grant of review was no broader than the ground presented....'). By doing so, we narrow our appellate focus to a particular issue, thus avoiding wholesale review of an entire case. See, e.g., *McCambridge,* supra, at 501 n. 6 (issue on voluntariness of consent not granted for review). Given these constitutional and procedural restrictions upon our review power, 'our [discretionary] review is limited to those points of error decided by the courts of appeals, included in petitions for discretionary review and granted as grounds for review.' *Arline v. State,* 721 S.W.2d 348, 353 n. 9 (Tex.Cr.App.1986)"

We should not now change the rules. The majority's addressing the issue and reversing appellant's conviction is against the policies we have imposed upon ourselves.

Appellant's petition on this ground for review should be improvidently granted since it is now clear there is no decision of the Court of Appeals for us to review.

I respectfully dissent.