NO. 12-02-00254-CR
 
IN THE COURT OF APPEALS

TWELFTH COURT OF APPEALS DISTRICT

TYLER, TEXAS
MIRIAM HUDMAN HUGHES,                         §               APPEAL FROM THE 123RD
APPELLANT
 
V.                                                                          §               JUDICIAL DISTRICT COURT OF

THE STATE OF TEXAS,
APPELLEE                                                          §               SHELBY COUNTY, TEXAS
                                                                                                                                                            
MEMORANDUM OPINION
            Appellant Miriam Hudman Hughes (“Appellant”) was convicted of murder after a jury trial. 
The jury sentenced her to thirty years of imprisonment and no fine. Appellant raises six issues on
appeal. We affirm.
 
Background
            Appellant and Stephen (“Butch”) Hughes married on July 11, 1998. Though they were happy
the first year, their marriage became troubled, with allegations against both Appellant and Butch of
physical and emotional abuse and abusive language. On July 10, 2001, after Butch threw her sewing
machine to the floor during an argument, Appellant went into a bedroom. When Butch entered the
room to continue the argument, Appellant shot him with a shotgun. Butch died soon thereafter. 
Appellant was indicted for Butch’s murder and elected a jury trial.
            At trial, Appellant testified that she shot Butch during an argument. Appellant also offered
testimony of a psychologist who testified about domestic violence generally and stated that Appellant
was the abused victim of Butch’s physical, emotional, and verbal domestic violence.
            The jury charge on guilt/innocence provided the jury the options of finding Appellant guilty
of murder, manslaughter, or criminally negligent homicide, or finding her not guilty. The jury was also
charged regarding the law of self-defense. The jury found Appellant guilty of murder, as charged in
the indictment. The punishment charge included a “sudden passion” issue. However, the jury
resolved the sudden passion issue against Appellant and sentenced her to thirty years of imprisonment.
 
Sufficiency of The Evidence
            In her first issue, Appellant challenges the legal and factual sufficiency of the evidence to
support her conviction.
Legal Sufficiency
            In reviewing a legal sufficiency question, we must view the evidence in the light most
favorable to the verdict and determine whether any rational trier of fact could have found the essential
elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319, 99 S. Ct.
2781, 2789, 61 L. Ed. 2d 560 (1979); King v. State, 29 S.W.3d 556, 562 (Tex. Crim. App. 2000). The
trier of fact, here the jury, is the exclusive judge of the credibility of witnesses and of the weight to be
given their testimony. Barnes v. State, 876 S.W.2d 316, 321 (Tex. Crim. App. 1994); Williams v.
State, 692 S.W.2d 671, 676 (Tex. Crim. App. 1984). The jury is entitled to draw reasonable inferences
from the evidence. Benavides v. State, 763 S.W.2d 587, 588-89 (Tex. App.–Corpus Christi 1988, pet.
ref’d). Likewise, reconciliation of conflicts in the evidence is within the exclusive province of the
jury. Losada v. State, 721 S.W.2d 305, 309 (Tex. Crim. App. 1986). Although an appellate court’s
analysis considers all the evidence presented at trial, it may not “re-weigh the evidence and substitute
[the appellate court’s] judgment for that of the jury.” King, 29 S.W.3d at 562. 
            Legal sufficiency of the evidence is measured by the elements of the offense as defined by the
hypothetically correct jury charge, which is a charge that accurately sets out the law, is authorized by
the indictment, and does not unnecessarily increase the State’s burden. Malik v. State, 953 S.W.2d
234, 240 (Tex. Crim. App. 1997); see also Gollihar v. State, 46 S.W.3d 243, 253 (Tex. Crim. App.
2001).
          Appellant was indicted for the murder of Butch Hughes for “intentionally or knowingly
caus[ing] the death of an individual . . . by shooting him in the abdomen, with a 20-gauge single shot
shotgun.”
            Appellant testified that, on the day of Butch’s death, she and Butch were arguing, that Butch
threw her sewing machine across the room and cursed her, and that she went to a bedroom. She said
Butch followed her, and she picked up the shotgun and aimed it at Butch. She admitted that as he
approached her, still cursing and threatening her, she shot him. The shotgun was admitted into
evidence. 
            Reviewing the evidence in the light most favorable to the jury’s verdict, we hold that a rational
trier of fact could have found the essential elements of murder beyond a reasonable doubt. Therefore,
the evidence is legally sufficient to support Appellant’s conviction. Appellant’s first issue, as to legal
sufficiency, is overruled.
Factual Sufficiency
            When reviewing the factual sufficiency of the evidence, we review all of the evidence, but not
in the light most favorable to the prosecution. Cain v. State, 958 S.W.2d 404, 407 (Tex. Crim. App.
1997). The standard we must apply asks whether a neutral review of all the evidence, both for and
against the finding, demonstrates that the proof of guilt is so obviously weak as to undermine
confidence in the jury’s determination, or the proof of guilt, although adequate when taken alone, is
greatly outweighed by contrary proof. Johnson v. State, 23 S.W.3d 1, 11 (Tex. Crim. App. 2000).
            In conducting our analysis, our duty is to examine the trier of fact’s weighing of the evidence. 
Scott v. State, 934 S.W.2d 396, 398 (Tex. App.–Dallas 1996, no pet.). We consider all the evidence
in the record related to an appellant’s sufficiency challenge, comparing the weight of the evidence that
tends to prove guilt with the evidence that tends to disprove it. See Fuentes v. State, 991 S.W.2d 267,
271 (Tex. Crim. App. 1999); Santellan v. State, 939 S.W.2d 155, 164 (Tex. Crim. App. 1997). 
            Because the jury is the sole judge of the facts, we must give deference to jury findings. Cain,
958 S.W.2d at 407. However, absolute deference is not the standard. Johnson, 23 S.W.3d at 8. The
degree of deference we give to jury findings must be proportionate with the facts that we can
accurately glean from the trial record. Id. Our factual sufficiency analysis can consider only those few
matters bearing on credibility that can be fully determined from the cold appellate record. Id. Unless
the appellate record before us reveals that a different result is appropriate, we must defer to the jury’s
determination concerning what weight to give contradictory testimonial evidence. Id.
            In addition to considering the testimony supporting the verdict in this case, including
Appellant’s admission that she shot Butch, we also consider the evidence that tends to disprove
Appellant’s guilt. Thus, we also consider Appellant’s expert witness who testified regarding Butch’s
domestic violence toward Appellant and the influence of that pattern of violence on Appellant’s
thought processes and behavior. 
            In our weighing of the evidence, both for and against the verdict, we cannot say that the proof
of guilt is so obviously weak as to undermine confidence in the jury’s determination or is greatly
outweighed by contrary proof that is adequate when taken alone. The jury heard both the State’s
evidence and witnesses and Appellant’s testimony and her witnesses. The jury saw the demeanor of
the witnesses and evaluated their credibility. The jury chose to believe the State’s evidence. Further,
it was within the jury’s province to evaluate Appellant’s expert witness regarding family violence, and
they could accept or reject such favorable evidence for the Appellant as they thought appropriate. 
Therefore, we hold that the evidence was factually sufficient for the jury to find Appellant guilty as
charged. Appellant’s first issue, as to factual sufficiency, is overruled.
 
Ineffective Assistance: Failure to Request an
Extraneous Offense Charge and Limiting Instruction 
            In her second issue, Appellant contends she was denied effective assistance of counsel,
guaranteed by the Sixth Amendment, because her trial counsel failed to request limiting instructions
and failed to request a jury instruction regarding the State’s burden to prove the extraneous acts,
admitted during the guilt/innocence phase of her trial, beyond a reasonable doubt. 
            Appellant testified she shot Butch, but Appellant raised the defense of self-defense. In
response to Appellant’s defense, the State adduced testimony of a number of persons who testified to
several acts


 by Appellant that portrayed her as the aggressor in various situations. Witnesses testified
that Butch removed guns from their home because he was afraid Appellant would shoot him, that
Appellant jumped on Butch’s back during an argument over butter the night before the shooting, that
Appellant threw an ashtray at Butch, that Appellant had threatened to kill one of her former husbands
and tried to attack him, that she threw coffee and a cup at Butch, that she shot at her son, that she
waved guns at people, and that she had said that if anyone left that home again it would be Butch in
a body bag. 
Standard for Effective Assistance of Counsel
            The proper standard by which to gauge the adequacy of representation by counsel is articulated
in Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984); see also
McFarland v. State, 928 S.W.2d 482 (Tex. Crim. App. 1996). To establish that counsel’s
representation was so inadequate as to violate a defendant’s Sixth Amendment right to counsel, an
appellant must first show that counsel’s performance was deficient, i.e., that his assistance fell below
an objective standard of reasonableness. Strickland, 466 U.S. at 687-88, 104 S. Ct. at 2064;
McFarland, 928 S.W.2d at 500. Second, assuming an appellant has demonstrated deficient assistance,
she must also affirmatively prove prejudice. See Strickland, 466 U.S. at 694, 104 S. Ct. at 2068;
McFarland, 928 S.W.2d at 500. In other words, an appellant must show a reasonable probability that,
but for counsel’s unprofessional errors, the result of the proceeding would have been different. 
Strickland, 466 U.S. at 694, 104 S. Ct. at 2068; McFarland, 928 S.W.2d at 500. A “professionally
unreasonable” error by trial counsel does not require a reversal if the error had no effect on the
judgment. Strickland, 466 U.S. at 693, 104 S. Ct. at 1067. A reasonable probability is a probability
sufficient to undermine confidence in the outcome. McFarland v. State, 845 S.W.2d 824, 842-43
(Tex. Crim. App. 1992).
            When determining the validity of a defendant's claim of ineffective assistance of counsel, any
judicial review must be highly deferential to the trial counsel and avoid the deleterious effects of
hindsight. Ingham v. State, 679 S.W.2d 503, 509 (Tex. Crim. App. 1984). Therefore, in any case in
which we address a claim of ineffective assistance of counsel, we begin with the strong presumption
that counsel’s conduct fell within the wide range of reasonable professional assistance, and that it was
motivated by sound trial strategy. See Strickland, 466 U.S. at 689, 104 S.Ct. at 2065; Jackson v.
State, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994). The appellant has the burden of rebutting this
presumption. Id. To do so, the appellant must (1) identify the acts or omissions that are alleged to
constitute ineffective assistance and (2) affirmatively prove they fall below the professional norm for
reasonableness. McFarland, 928 S.W.2d at 500. The record must affirmatively demonstrate the
alleged ineffectiveness. Id. In the absence of a proper evidentiary record developed at a hearing on
a motion for new trial, it is extremely difficult on direct appeal to show that trial counsel’s
performance was deficient. Chambers v. State, 903 S.W.2d 21, 35-36 (Tex. Crim. App. 1992) (Baird,
J. concurring); see also Gibbs v. State, 7 S.W.3d 175, 179 (Tex. App.– Houston [1st Dist.] 1999, pet.
ref’d). An appellant must prove ineffective assistance by a preponderance of the evidence. 
McFarland, 845 S.W.2d at 843. 
Request for Extraneous Offense Charge and Limiting Instruction
            As a general rule, extraneous acts are inadmissible at the guilt/innocence stage of a trial. Ex
parte Varelas, 45 S.W.3d 627, 630 (Tex.Crim.App. 2001) (citing Tex. R. Evid. 404(b)). This is
because a defendant is to be tried on accusations in the State’s pleading only, and not for being a
criminal generally. Wilkerson v. State, 736 S.W.2d 656, 659 (Tex. Crim. App. 1987). Proof of an
extraneous offense may be admissible at the guilt/innocence phase of trial insofar as it illuminates a
material issue in that case. Abdnor v. State, 808 S.W.2d 476, 478 (Tex. Crim. App. 1991).
            Where evidence is admissible for a limited purpose and the court admits it without limitation,
the party opposing the evidence has the burden of requesting a limiting instruction. Id. (citing Plante
v. State, 692 S.W.2d 487, 493 (Tex. Crim. App. 1985)). Once an extraneous act has been ruled
admissible, the jurors must be instructed about the limits on their use of that extraneous act if the
opposing party so requests. Ex parte Varelas, 45 S.W.3d at 631. 
Analysis
            Although Appellant was entitled to a limiting instruction for each of the extraneous acts and
a jury instruction regarding the standard of proof necessary to assess an admitted extraneous offense,
Appellant has the burden to produce a record on appeal establishing that trial counsel’s failure to
request either a limiting instruction or a charge on the standard of proof was not trial strategy. In the
case at hand, the record is silent as to why Appellant’s trial counsel chose the course of action that he
did. Thus, as to the alleged deficiencies in trial counsel’s performance, we hold that Appellant has not
met the first prong of Strickland. Moreover, even if Appellant had shown that trial counsel’s
performance was deficient, she has failed to show harm from the conduct of which she complains. 
Therefore, we cannot conclude that Appellant's trial counsel was ineffective. Appellant’s second issue
is overruled.
 
Ineffective Assistance: Failure to Pursue Motions for New Trial
            In her third issue, Appellant asserts that she was denied effective assistance of counsel because
her retained appellate counsel did not pursue the motions for new trial filed on September 6 and
September 9, 2002.
            On August 9, 2002, the jury assessed punishment. Appellant filed a pro se Notice of Appeal
on August 28, 2002. Appellant’s present appellate counsel (“appellate counsel”) was first appointed
on August 30, 2002. Appellant then retained counsel (“retained counsel”), who filed a motion for new
trial on September 6, 2002. Three days later, appellate counsel filed a motion for new trial. On
October 10, appellate counsel filed a motion in this Court to withdraw as Appellant’s counsel. On
October 11, the trial court signed an order releasing appellate counsel. On October 23, Appellant’s
motions for new trial were overruled by operation of law.
            On October 24, 2002, this Court remanded appellate counsel’s motion to withdraw for
consideration by the trial court. On November 8, the trial court held a hearing on the motion to
withdraw. At the hearing, the trial court acknowledged that appellate counsel had been released on
October 11 based upon the court’s understanding that retained counsel intended to pursue the appeal. 
Retained counsel, who was present at the hearing, stated that he had returned the funds furnished to
pursue the motion for new trial and that nothing further had been done in the case. The trial court then
appointed appellate counsel a second time.
            Appellant complains that retained counsel’s “inaction” during the time the motions for new
trial were pending constitutes a constructive denial of counsel at a critical stage of a criminal
proceeding. Therefore, she concludes, she is entitled to a presumption that prejudice resulted from
retained counsel’s failure to present the motions for new trial to the trial court and request a hearing
on the motion. We have reviewed the cases cited by Appellant in support of her arguments and
conclude they are inapposite. Consequently, we apply the presumption that counsel’s conduct fell
within the wide range of reasonable professional assistance, and that it was motivated by sound trial
strategy. See Strickland, 466 U.S. at 689, 104 S. Ct. at 2065; Jackson, 877 S.W.2d at 771. 
            We reiterate that Appellant must rebut the Strickland presumption by first showing that
counsel’s performance was deficient, i.e., that his assistance fell below an objective standard of
reasonableness. See Strickland, 466 U.S. at 687-88, 104 S. Ct. at 2064; McFarland, 928 S.W.2d at
500. Second, assuming she has demonstrated deficient assistance, she must also affirmatively prove
prejudice. See Strickland, 466 U.S. at 694, 104 S. Ct. at 2068; McFarland, 928 S.W.2d at 500. In
other words, she must show a reasonable probability that, but for counsel’s unprofessional errors, the
result of the proceeding would have been different. See Strickland, 466 U.S. at 694, 104 S. Ct. at
2068; McFarland, 928 S.W.2d at 500. 
            Appellant has the burden to produce a record on appeal establishing that trial counsel’s failure
to pursue her motion for new trial after filing was deficient performance. See McFarland, 928
S.W.2d at 500. However, the record is silent as to why retained counsel chose the course he did. 
Thus, as to the alleged deficiencies in her trial counsel’s performance, we hold that Appellant has not
met the first prong of Strickland. Moreover, even if Appellant had shown that retained counsel’s
performance was deficient, she has failed to establish prejudice by demonstrating that a new trial
would have been granted had the trial court conducted a hearing on the motions for new trial. See
Redmond v. State, 30 S.W.3d 692, 699 (Tex. App.—Beaumont 2000, pet. ref’d) (no prejudice shown
from counsel’s failure to supplement motion for new trial with supporting affidavits); Bacey v. State,
990 S.W.2d 319, 334 (Tex. App.—Texarkana 1999, no pet.) (no prejudice shown from counsel’s
failure to obtain hearing on motion for new trial within 75 days); Bryant v. State, 974 S.W.2d 395, 400
(Tex. App.—San Antonio 1998, pet. ref’d) (no prejudice shown from counsel’s failure to file motion
for new trial). Therefore, we cannot conclude that Appellant's retained counsel was ineffective.
Appellant’s third issue is overruled. 
 
Sufficiency of Evidence Regarding Sudden Passion
            In her fourth issue, Appellant contends that the evidence was sufficient to prove that she caused
the death under the immediate influence of sudden passion. Therefore, Appellant concludes, she
should have been punished for a second degree felony. In making this assertion, Appellant invokes
our factual review jurisdiction because she had the burden of proof on the issue. Naasz v. State, 974
S.W.2d 418, 420-21 (Tex. App.—Dallas 1998, pet. ref’d); see also Meraz v. State, 785 S.W.2d 146,
154-55 (Tex. Crim. App. 1990).
            Appellant recognizes that the weight to be given contradictory testimonial evidence is within
the sole province of the jury because it turns on an evaluation of credibility and demeanor. Naasz, 974
S.W.2d at 423 (citing Cain, 958 S.W.2d at 408-09). In other words, a jury resolves inconsistencies
in the evidence by determining the credibility of the witnesses. See Jones v. State, 944 S.W.2d 642,
644 (Tex. Crim. App. 1996). We will not disturb those determinations. See id. 
            We have reviewed the record in this case and have held that the evidence is both legally and
factually sufficient to support Appellant’s conviction. We also hold, after applying the appropriate
standard of review, that the evidence is factually sufficient to support the jury’s rejection of
Appellant’s sudden passion claim. Appellant’s fourth issue is overruled.
 
Testimony Regarding Appellant’s Incarceration
            Appellant contends, in her fifth issue, that the trial court abused its discretion in allowing
testimony to be presented before the jury, through the State’s cross-examination of one of Butch’s
relatives, that Appellant was incarcerated at the time of trial. However, Appellant had previously stated
on direct examination that “our jail doctor has discovered that my right hand has some fractures in it[,]
and I’ve been treated for it all year long.” 
            It is well settled that any error in the admission of evidence is cured where the same evidence
comes in elsewhere without objection. Hudson v. State, 675 S.W.2d 507, 511 (Tex. Crim. App.
1984). Because Appellant had previously referred to her incarceration, the trial court did not abuse
its discretion in allowing the complained-of testimony. Appellant’s fifth issue is overruled.
 
Admission of Photograph
            Appellant’s sixth issue is that the trial court abused its discretion in finding the State’s exhibit
12, a photograph, to be more probative than prejudicial. Appellant’s issue raises a Texas Rule of
Evidence 403 question: whether the photograph’s relevance was outweighed by the danger of unfair
prejudice. 
            Rule of Evidence 403 provides that all relevant evidence is admissible unless “its probative
value is substantially outweighed by the danger of unfair prejudice. . . .” Tex. R. Evid. 403. As such,
“[r]ule 403 favors the admission of relevant evidence and carries a presumption that relevant evidence
will be more probative than prejudicial.” Williams v. State, 958 S.W.2d 186, 196 (Tex. Crim. App.
1997); Jones v. State, 944 S.W.2d 642, 653 (Tex. Crim. App. 1996).
            Rule 403 requires exclusion of evidence only when there exists a clear disparity between the
degree of prejudice of the offered evidence and its probative value. Id. The decision of whether to
admit a photograph is within the discretion of the trial court. Williams, 958 S.W.2d at 196. The trial
court’s decision will be disturbed only for an abuse of discretion. Narvaiz v. State, 840 S.W.2d 415,
429 (Tex.Crim.App. 1992). 
            In determining whether a photograph is more prejudicial than probative, the trial court must
consider the inherent tendency that the photograph may have to encourage resolution of material issues
on an inappropriate emotional basis. Id. Among the factors to consider are (1) the number of exhibits
offered; (2) the gruesomeness of the photograph; (3) whether the body is naked or clothed; (4) the
detail and size of the photograph; (5) whether the photograph is black and white or color; and (6)
whether the photograph is a closeup shot. Long v. State, 823 S.W.2d 259, 272 (Tex. Crim. App.
1991). Morever, a photograph is usually admissible if testimony regarding the matter depicted is
admissible. Williams, 958 S.W.2d at 196.
            The photograph to which Appellant objected was of the victim’s upper body, showing the 
gunshot wounds on the victim’s body. It was the only photograph admitted to demonstrate the location
of the wounds, and testimony regarding the same injuries would have been admissible. Therefore, we
cannot say the trial court abused its discretion in admitting the photograph. Appellant’s sixth issue
is overruled.
            
Disposition
            Having overruled Appellant’s first, second, third, fourth, fifth, and sixth issues, the judgment
of the trial court is affirmed.
                                                                                                    SAM GRIFFITH 
                                                                                                               Justice
 
Opinion delivered July 14, 2004.
Panel consisted of Worthen, C.J., Griffith, J., and DeVasto, J.

(DO NOT PUBLISH)