RODERICK DUANE THOMPSON v. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-04-496-CR

RODERICK DUANE THOMPSON APPELLANT

A/K/A RODERICK THOMPSON

V.

THE STATE OF TEXAS STATE

------------

FROM THE 372ND DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant Roderick Duane Thompson appeals his conviction for sexual assault.  The grand jury indicted Appellant, charging him with aggravated sexual assault and the lesser included offense of sexual assault.  After convicting him of the lesser included offense of sexual assault, the jury assessed his punishment at twelve years’ confinement.  The trial court sentenced Appellant accordingly.  In a single point, Appellant complains that he was deprived of his constitutional right to effective assistance of counsel.  We affirm.

FACTUAL BACKGROUND

During the summer of 2003, Monica Lynn Bernard began having gatherings at her apartment.  The complainant, Luz Lopez, would attend these gatherings, as well as Ty Cornett, who lived at the apartment complex.  Cornett brought Appellant to Bernard’s apartment on approximately two or three occasions.  Appellant told Lopez that he was interested in her on the first visit and asked her for her phone number, but she told Appellant that she was not interested in having a relationship at the time.  Bernard testified that one day Appellant bragged about having a gun, stating that he could take care of things. Because she and Lopez felt uneasy around Appellant, she told Cornett not to bring Appellant to her apartment anymore. 

One night, Lopez was staying alone at Bernard’s apartment while Bernard was away in New Mexico.  At approximately 10:00 p.m., Cornett and Appellant knocked on the door, looking for Bernard.  Lopez informed them that Bernard was not home, and refused to allow them into the apartment.  Shortly thereafter, Lopez went to sleep in Bernard’s bedroom, and she was awakened around 2:00 a.m. to the sound of knocking on the window.  She looked through the blinds and saw Appellant standing outside.

Appellant asked Lopez if he could use the phone to call someone to pick him up, so she handed him the phone through the door.  Appellant then showed Lopez a gun and entered the apartment.  He raped her, forcibly penetrating her vagina with his penis.  After he finished, Appellant told Lopez not to tell anyone because he knew where she lived and he “would go crazy on [her].”  Lopez reported the rape to the police and subsequently identified Appellant as her attacker. 

DISCUSSION

Appellant contends that he was deprived of his constitutional right to effective assistance of counsel because his trial counsel failed to object, thereby forfeiting Appellant’s right to confront witnesses against him, when the State presented the complainant’s accusatory statements that were made to a nurse.  He further complains that he received ineffective assistance of counsel because trial counsel did not object to extraneous offense evidence, primarily that Appellant bragged about having a gun and using it to “take care of things.” Finally, he complains that trial counsel failed to request the limiting instruction to which he was entitled.  Appellant argues that the cumulative effect was prejudicial to the defense’s case because the jury was allowed unfettered discretion to consider character propensity as direct evidence of guilt. 

1. Standard of Review

To establish ineffective assistance of counsel, appellant must show by a preponderance of the evidence that his counsel’s representation fell below the standard of prevailing professional norms and that there is a reasonable probability that, but for counsel’s deficiency, the result of the trial would have been different.  
Strickland v. Washington
, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); 
Salinas v. State
, 163 S.W.3d 734, 740 (Tex. Crim. App. 2005); 
Mallett v. State
, 65 S.W.3d 59, 62-63 (Tex. Crim. App. 2001); 
Thompson
 
v. State
, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999).  

In evaluating the effectiveness of counsel under the first prong, we look to the totality of the representation and the particular circumstances of each case.  
Thompson
, 9 S.W.3d at 813.  The issue is whether counsel's assistance was reasonable under all the circumstances and prevailing professional norms at the time of the alleged error.  
See Strickland
, 466 U.S. at 688-89, 104 S. Ct. at 2065.  Review of counsel’s representation is highly deferential, and the reviewing court indulges a strong presumption that counsel’s conduct fell within a wide range of reasonable representation.  
Salinas
, 163 S.W.3d at 740; 
Mallett
, 65 S.W.3d at 63.  A reviewing court will rarely be in a position on direct appeal to fairly evaluate the merits of an ineffective assistance claim.  
Thompson
, 9 S.W.3d at 813-14.  “In the majority of cases, the record on direct appeal is undeveloped and cannot adequately reflect the motives behind trial counsel’s actions.”  
Salinas
, 163 S.W.3d at 740 (quoting 
Mallett
, 65 S.W.3d at 63).  To overcome the presumption of reasonable professional assistance, “any allegation of ineffectiveness must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness.  
Salinas
, 163 S.W.3d at 740 (quoting 
Thompson
, 9 S.W.3d at 813).

The second prong of 
Strickland
 requires a showing that counsel's errors were so serious that they deprived the defendant of a fair trial, i.e., a trial whose result is reliable.  
Id.
 at 687, 104 S. Ct. at 2064.  In other words, Appellant must show there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  
Id.
 at 694, 104 S. Ct. at 2068.  A reasonable probability is a probability sufficient to undermine confidence in the outcome.  
Id.
  The ultimate focus of our inquiry must be on the fundamental fairness of the proceeding whose result is being challenged.  
Id.
 at 697, 104 S. Ct. at 2070.

2. Waiver of Confrontation Clause Objection

Appellant first complains that his trial counsel provided ineffective assistance because trial counsel failed to object to an alleged Confrontation Clause violation.  The Sixth Amendment's Confrontation Clause provides that, “[i]n all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him.”  
U.S. Const.
 amend. VI.  This procedural guarantee is applicable in both federal and state prosecutions.  
Pointer v. Texas
, 380 U.S. 400, 406, 85 S. Ct. 1065, 1069 (1965). Appellant relies upon the holding of 
Crawford v. Washington
, wherein the Supreme Court held that the Confrontation Clause bars the admission of testimonial statements of a witness who does not appear at trial, unless he is unavailable to testify and the defendant had a prior opportunity to cross-examine him, regardless of whether such statements are deemed reliable by the trial court.  541 U.S. 36, 59, 124 S. Ct. 1354, 1369 (2004).  
Generally, one must timely and specifically object to complained-of testimony to preserve error.  
See 
Tex. R. App. P. 33.1.

Appellant complains that counsel should have objected when the State presented the complainant’s accusatory statements made to a nurse in the course of the sexual assault examination.  He complains of the following testimony that the prosecutor elicited from the examining nurse: 

[Cornett and Appellant] had came to the door at that time and asked her what she was doing.  She said that she was just relaxing.  At that time point they went away.  Around 2:00, 2:30 in the morning, [Appellant] came back and knocked on the window and asked if he could use the phone to call a ride home.  She went to the door, opened the door.  When she turned back around there was a gun in her face.  He told her to go inside.  He wanted her to go into bedroom at that time.  She said no. He asked her to be quiet and just cooperate with him.  He said he could do it the easy way or the hard way.  He asked her to undress.  She undressed.  And he told her he wanted to do it doggy style.  So she bent over the couch.  He put on a condom at that time, had sex with her.  And once he was finished, he said:  See it’s not that bad.  When he was getting ready to leave, he asked her not to tell anyone because he knew where she lived and he would get crazy on her.

We conclude that the holding in 
Crawford 
would not apply to the present case.  Here, the declarant of the unobjected-to extrajudicial testimonial statement, Lopez, testified at trial.  In 
Crawford
, the declarant claimed her spousal privilege and did not testify at trial. 
 Crawford
, 541 U.S. at 40, 124 S. Ct. at 1357.  A close reading of 
Crawford
 reveals that its holding applies only when the extrajudicial testimonial statements of a witness who does not testify at trial are sought to be admitted. 
 
Id.
 at 59, 124 S. Ct. at 1369.  In 
Crawford
, the Supreme Court stated that “when the declarant appears for cross-examination at trial, the Confrontation Clause places no constraints at all on the use of his prior testimonial statements.”  
Id.
 at 59 n.9, 124 S. Ct. at 1369, n.9.  At trial, Lopez testified and Appellant had the opportunity to and, in fact, did cross-examine her; therefore, the reasoning of 
Crawford 
does not apply.  
See Crawford v. State
, 139 S.W.3d 462, 465 (Tex. App.–Dallas 2004, pet. ref'd) (holding that testimonial hearsay was admissible when declarant testified at trial and was subject to cross-examination).  Because this testimony was not objectionable in this instance, trial counsel’s performance was not deficient.  Thus, we hold that trial counsel’s failure to object in this instance does not constitute ineffective assistance of counsel.

3. Failure to Object to and Limit Extraneous Offense Testimony

Appellant also complains that his trial counsel provided ineffective assistance because he failed to object to and request a limiting instruction for the extraneous offense testimony that was admitted at trial.  Specifically, Appellant complains about trial counsel’s failure to object to Bernard’s testimony that on some occasions she, Cornett, and Appellant had smoked marijuana and her testimony that Appellant had bragged about having a gun. He further attacks trial counsel’s failure to object when Cornett testified that Appellant said he had a gun.  He asserts that trial counsel was ineffective because he did not seek a limiting instruction as to the limited purpose of any extraneous offenses when the jury received the court’s instructions at the close of evidence on guilt/innocence.  
See
 
Tex. R. Evid.
 105(a). 

The State counters that the record is not sufficiently developed for this court to review Appellant’s claims.  Citing 
Heiman v. State
, the State contends that the failure to object to extraneous offense evidence or request a limiting instruction can constitute a plausible trial strategy.  
See
 923 S.W.2d 622, 626 (Tex. App.–Houston [1st Dist.] 1995, pet. ref’d).  The State argues that trial counsel probably revisited the testimony about the gun on cross-examination in an attempt to cast doubt upon the credibility of the witnesses who testified that Appellant admitted to possessing the weapon.  

Extraneous acts are generally inadmissible at the guilt/innocence stage of a trial.  
See 
Tex. R. Evid. 404(b) (stating that “evidence of other crimes, wrongs or acts is not admissible to prove the character of a person in order to show action in conformity therewith”).  A defendant is entitled to be tried on the accusations made in the State's pleading, and he should not be tried for some collateral crime or for being a criminal generally.  
Ex Parte Varelas
, 45  S.W.3d 627, 630 (Tex. Crim. App. 2001).  The trial court is required to instruct the jurors about the limits on their use of that extraneous act, if the defendant so requests.  
Id
. at 631. 

Furthermore, when the State is permitted to introduce evidence of the defendant's extraneous acts for a limited purpose, the defendant also has the burden of requesting an instruction limiting consideration of those acts. 
 Id.
; 
Abdnor v. State
, 808 S.W.2d 476, 478 (Tex. Crim. App. 1991).  The trial court errs if it fails to give a limiting instruction when requested to do so by the defendant.  
Varelas
, 45 S.W.3d at 631.

A substantial risk of failure accompanies a claim of ineffective assistance of counsel on direct appeal because the record is generally undeveloped and cannot adequately reflect the failings of trial counsel. 
 See Thompson
, 9 S.W.3d at 813-14; 
McCullough v. State
, 116 S.W.3d 86, 92 (Tex. App.—Houston [14th Dist.] 2001, pet. ref'd.).  Therefore, it is critical that the defendant obtain the necessary record in the trial court to rebut the 
Strickland 
presumption that counsel's conduct was strategic.  
Thompson
, 9 S.W.3d at 814; 
McCullough
, 116 S.W.3d at 92.  This kind of record is best developed in a hearing on a motion for new trial, or by application for a writ of habeas corpus.  
See Jackson v. State
, 973 S.W.2d 954, 957 (Tex. Crim. App. 1998); 
McCullough
, 116 S.W.3d at 92.  Without evidence of the strategy and methods involved concerning counsel's actions at trial, the appellate court will presume sound trial strategy. 
 See Thompson
, 9 S.W.3d at 814. 

Appellant contends that the present case is on par with 
Varelas
, but we find 
Varelas
 to be distinguishable.  
See 
45 S.W.2d at 630.  In 
Varelas
, a habeas proceeding, trial counsel provided the court of criminal appeals with an affidavit stating that his failure to request a limiting instruction was due to his oversight and not the result of trial strategy.  
Id. 
 We have no such evidence in the case at bar reflecting the reasoning behind trial counsel’s decision not to request a limiting instruction.  Thus, the record does not reflect that trial counsel lacked a plausible professional reason for not requesting a limiting instruction.  Because Appellant did not develop counsel’s alleged deficiency in his motion for new trial, the record is devoid of evidence of the strategy and methods guiding counsel’s actions at trial and we must presume a sound trial strategy.  We overrule Appellant’s sole point.

CONCLUSION

Having overruled Appellant’s sole point, we affirm the trial court’s judgment.

PER CURIAM

PANEL F:  HOLMAN, WALKER, and McCOY, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  December 8, 2005

FOOTNOTES
1:
See 
Tex. R. App. P.
 47.4.