

# NUMBER 13-17-00534-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

---

**EDWARD BERLANGA SALGADO,**         **Appellant,**

**v.**

**THE STATE OF TEXAS,**         **Appellee.**

---

### On appeal from the 138th District Court
### of Cameron County, Texas.

---

# MEMORANDUM OPINION

### Before Justices Contreras, Longoria, and Hinojosa
### Memorandum Opinion by Justice Longoria

Appellant Edward Berlanga Salgado appeals his conviction of aggravated assault with a deadly weapon, a second-degree felony. *See* TEX. PENAL CODE ANN. § 22.02(a)(2) (West, Westlaw through 2017 1st C.S.). Salgado argues on appeal that the trial court erred by admitting objected-to extraneous offense evidence without a limiting instruction. We affirm.

## I. BACKGROUND

Salgado was charged with aggravated assault with a deadly weapon, and a jury trial commenced on August 7, 2015. *See id.* Salgado decided to testify on his own behalf and raised the issue of self-defense. During cross-examination, the State questioned Salgado regarding his self-defense claim. Salgado stated, "[i]n the moment when you're being choked and all that, you don't know—you can't really decide what's happening. You fear for yourself, your safety." In response, the State elicited testimony regarding Salgado's prior convictions of assault, *see id.*, and assault family violence. *See id.* § 22.01 (West, Westlaw through 2017 1st C.S.). Salgado promptly objected on the basis that it was improper "404 evidence." The State argued that the evidence was being presented to rebut Salgado's self-defense theory. The trial court overruled Salgado's objection and allowed the State to continue its line of questioning. The trial court neither gave a reason for the admissibility of the evidence nor a limiting instruction as to the purpose the 404(b) evidence was being admitted for. *See* TEX. R. EVID. 404.

The jury found Salgado guilty, and his punishment was assessed at twelve years in the Institutional Division of the Texas Department of Criminal Justice and a $10,000 fine. Salgado filed a motion for new trial, which was denied. This appeal ensued.

## II. LIMITING INSTRUCTION

In his sole issue, Salgado argues that the trial court erred when it admitted extraneous offense evidence, which he objected to, without a limiting instruction.

### A. Standard of Review and Applicable Law

We review the admission of extraneous offense evidence for abuse of discretion. *See De La Paz v. State*, 279 S.W.3d 336, 343 (Tex. Crim. App. 2009). "As long as the

trial court's ruling is within the 'zone of reasonable disagreement,' there is no abuse of discretion, and the trial court's ruling will be upheld." *Id.* at 343–44. Generally, "[e]vidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." TEX. R. EVID. 404(b)(1). However, this type of evidence may be admissible for other purposes, "such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." *Id.* R. 404(b)(2). In other words, extraneous offense evidence can be used to prove the "system" or "modus operandi" of the defendant if that system tends to prove a material issue on trial. *Owens v. State*, 827 S.W.2d 911, 914 (Tex. Crim. App. 1992) (en banc).

When an objection is made to extraneous offense evidence under Rule 404, the proponent of the evidence has the burden of persuading the trial court that the evidence has relevance apart from character conformity. *See Montgomery v. State*, 810 S.W.2d 372, 388 (Tex. Crim. App. 1990) (en banc) (op. on reh'g). However, "when the State is permitted to introduce evidence of defendant's extraneous acts for a limited purpose, *the defendant also has the burden of requesting an instruction limiting consideration* of those acts." *Ex parte Varelas*, 45 S.W.3d 627, 631 (Tex. Crim. App. 2001) (en banc) (emphasis added); *see Abdnor v. State*, 808 S.W.2d 476, 478 (Tex. Crim. App. 1991) (en banc).

## B. Discussion

Salgado does not argue that the evidence was inadmissible under Rule 404; rather, Salgado's sole assertion on appeal is that the trial court erred by admitting the objected-to extraneous offense evidence without giving a limiting instruction to the jury. Salgado cites several cases for the proposition that it is an error for the trial court to fail

3

to give a limiting instruction when extraneous offense evidence is admitted. *See Owens*, 827 S.W.2d at 917; *Montgomery*, 810 S.W.2d at 388; *see also Jackson v. State*, 320 S.W.3d 873, 887 (Tex. App.—Texarkana 2010, pet. ref'd). However, a trial court only errs by not giving a limiting instruction in this type of scenario "[w]hen a defendant *so requests this instruction*." *Ex parte Varelas*, 45 S.W.3d at 631 (emphasis added). As *Montgomery*, one of the cases cited by Salgado, explains: "Should [the trial judge] admit the evidence, *then upon timely further request*, the trial judge should instruct the jury that the evidence is limited to whatever purpose the proponent has persuaded him it serve." *Montgomery*, 810 S.W.2d at 388 (emphasis added). Thus, the Texas Court of Criminal Appeals has clearly indicated that the defendant has the burden to request a limiting instruction once Rule 404 evidence is admitted. *See Ex parte Varelas*, 45 S.W.3d at 631 (holding that a trial court errs by failing to give a limiting instruction if the defendant requested one); *Abdnor*, 808 S.W.2d at 478 ("Where evidence is admissible for a limited purpose and the court admits it without limitation, the party opposing the evidence has the burden of requesting a limiting instruction."); *Montgomery*, 810 S.W.2d at 388 (same).

In the present case, Salgado objected initially to the extraneous offense evidence. However, Salgado did not request the trial court to instruct the jury that the evidence is restricted or limited to a specific purpose. Furthermore, Salgado raised no objections to the jury charge and failed to request any limiting instruction in the jury charge. Therefore, the trial court did not abuse its discretion in admitting the Rule 404 evidence without a limiting instruction because Salgado never requested a limiting instruction. *See De La Paz*, 279 S.W.3d at 343; *Ex parte Varelas*, 45 S.W.3d at 631; *Abdnor*, 808 S.W.2d at 478. We overrule Salgado's sole issue.

### III. CONCLUSION

We affirm the trial court's judgment.

NORA L. LONGORIA
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
23rd day of August, 2018.

5